Argued and submitted October 31, 1995, convictions affirmed; remanded July 31, 1996

## STATE OF OREGON,
*Respondent,*

*v.*

## PAUL MAURICE OWEN,
*Appellant.*

(94CR-0062TM; CA A85630)

921 P2d 424

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, and Marc Alan Weinstein, Certified Law Student, argued the cause for respondent. With them on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant appeals from a judgment of conviction on two counts of delivery of a controlled substance, ORS 475.992, arguing that the trial court erred in imposing a 36-month term of post-prison supervision. We remand for entry of a corrected judgment.

At sentencing, the trial court determined that defendant's conviction on count I fell into gridblock 6-F, and it imposed a presumptive sentence of 36-months probation. The trial court determined that defendant's conviction on count II was in gridblock 6-E, and it imposed a presumptive sentence of 12-months incarceration to run concurrently with defendant's probation. With respect to count II, the trial court also imposed a 36-month term of post-prison supervision. Defendant did not raise any objections to his sentence before the trial court.

On appeal, defendant argues that the trial court erred in imposing the 36-month term of post-prison supervision. He contends that, under OAR 253-05-002(2), his period of post-prison supervision should not have exceeded 24 months. The state concedes that if we reach the merits, "the appropriate remedy would be to remand for entry of a corrected judgment imposing a 24-month term of post-prison supervision on count 2." The state argues, however that we should not reach the merits, because ORS 138.222(2)(a) precludes our review of defendant's post-prison supervision term. That statute provides:

> "On appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court shall not review:

> "(a) Any sentence that is within the presumptive sentence prescribed by the rules of the State Sentencing Guidelines Board."

■ The state argues that defendant's period of post-prison supervision is part of the presumptive sentence imposed by the trial court and that, therefore, under the above statute, we cannot review defendant's post-prison supervision term. We disagree. In *State v. McFee*, 136 Or App

160, 901 P2d 870 (1995), we held that post-prison supervision is not part of the presumptive sentence. We stated:

"OAR 253-03-001(16) defines 'presumptive sentence' as 'the sentence provided in a grid block * * *.' The grid block provides for terms of incarceration or probation. The post-prison supervision terms, while controlled by an offender's grid block, *see* OAR 253-05-002(2), are not provided in the grid block. Therefore, they are not part of the presumptive sentence, for which ORS 138.222(2)(a) precludes our review." *Id.* at 162.

Thus, ORS 138.222(2)(a) does not preclude our review of defendant's post-prison supervision term.

■ There is, however, another potential obstacle to our review in this case. By not objecting to the post-prison supervision term, defendant failed to preserve the trial court's error. Nonetheless, defendant argues that the trial court's error was an error of law apparent on the face of the record and urges us to exercise our discretionary review under ORAP 5.45(2).

We have exercised our discretion under ORAP 5.45(2) to review similar errors in other cases. *See State v. Jones,* 129 Or App 413, 879 P2d 881 (1994) (error in term of post-prison supervision was error apparent on face of record); *State v. Berkey,* 129 Or App 398, 877 P2d 1238, *rev den* 320 Or 360 (1994) (same). In *State v. Slawson,* 123 Or App 573, 860 P2d 876 (1993), we did decline to review a post-prison supervision term. That case, however, is distinguishable. In *Slawson,* the error was a scrivener's error, which could have been corrected under ORS 138.083. Under the 1993 version of that statute, which also is applicable here, the trial court retained the authority "irrespective of any notice of appeal for 60 days after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors." We reasoned that, because the defendant not only failed to preserve the error, but also failed to attempt to correct it under the statute, we would not exercise our discretion to review the error. *Slawson*'s rationale does not apply here, however, because the alleged error was not clerical or arithmetic in nature.[1]

---

[1] We note that *Slawson*'s rationale might apply under the 1995 amended version of ORS 138.083. The amended version of that statute retains authority in the

We agree with defendant that his post-prison supervision term is an error of law apparent on the face of the record. *Jones*, 129 Or App at 415. We are persuaded to exercise our discretion to review the error given the state's concession of error, the fact that the error significantly implicates defendant's liberty interest, and because the error can be easily corrected. *Id.* at 416-17. Under OAR 253-05-002(2), defendant's term of post-prison supervision should not have exceeded 24 months. Thus, the trial court erred in imposing a 36-month period of post-prison supervision. We remand for entry of a corrected judgment.

Conviction affirmed; remanded for entry of corrected judgment imposing a 24-month period of post-prison supervision on defendant's conviction on count II.

---

trial court after a notice of appeal to "modify its judgment and sentence to correct any arithmetic or clerical errors *or to delete or modify any erroneous term in the judgment.*" ORS 138.083 (1995) (emphasis supplied).