Argued and submitted July 24, convictions affirmed; remanded for entry of amended judgment August 28, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# KEITH DOUGLAS GRAHAM,
*Appellant.*

(94-1229; CA A90291)

923 P2d 664

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant appeals from a judgment convicting him of felony driving while revoked, ORS 811.182, criminal mischief in the second degree, ORS 164.354, attempting to elude a police officer, ORS 811.540, and driving under the influence. ORS 813.010. We remand for entry of a corrected judgment.

Defendant first assigns error to the trial court's imposition of a post-prison supervision term of 18 months on his conviction for felony driving while revoked. Defendant argues that, under OAR 253-05-002(2)(a), the trial court should have imposed only 12-months post-prison supervision. Defendant did not preserve that error in the trial court but urges us to exercise our discretion to consider it as an "error[] of law apparent on the face of the record." ORAP 5.45(2). The state agrees that the court erred and that we should review the error.

It has been our practice in the past to exercise our discretion under ORAP 5.45(2) to review certain unpreserved errors in post-prison supervision terms. *See, e.g., State v. Owen,* 142 Or App 314, 921 P2d 424 (1996); *State v. Jones,* 129 Or App 413, 879 P2d 881 (1994). However, it has also been our practice to refuse to consider unpreserved errors in post-prison supervision terms that were "clerical" or "arithmetic" in nature where the defendant failed to avail himself or herself of the statutory remedy found in ORS 138.083. *See State v. Slawson,* 123 Or App 573, 860 P2d 876 (1993); *State v. Hopkins,* 127 Or App 622, 874 P2d 827, *rev den* 319 Or 281 (1994). In *Slawson,* we explained:

> "ORS 138.083 specifically provides that the trial court retains authority for 60 days to correct arithmetic or clerical errors. The statute was provided to address the precise error that defendant now claims occurred in the post-prison supervision term. It avoids the unnecessary time and expense involved in pursuing an appeal to correct what is undisputedly a clerical error. Given that defendant has failed to avail himself of the statutory remedy or to explain why he could not, we will not exercise our discretion to reach the unpreserved error." 123 Or App at 576 (footnote omitted).

In 1995, the legislature amended ORS 138.083 to expand trial courts' authority to correct erroneous terms in judgments of conviction. The effective date of that amendment was September 9, 1995. Or Laws 1995, ch 109, § 1. ORS 138.083 now provides:

> "The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment or conviction to modify its judgment and sentence to correct any arithmetic or clerical error or to delete or modify *any erroneous term in the judgment.* The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties. If a sentencing court enters an amended judgment under this section, the court shall immediately forward a copy of the amended judgment to the appellate court. Any modification of the appeal necessitated by the amended judgment shall be pursuant to an appropriate order by the appellate court." (Emphasis supplied.)

■ Under the amended version of ORS 138.083, the trial court retains indefinite authority to correct not only "arithmetic or clerical errors," but also "any erroneous term in the judgment." Therefore, under the rationale set forth in *Slawson,* we no longer believe that it is appropriate to exercise our discretion to review unpreserved errors in terms of postprison supervision contained in judgments entered after September 8, 1995. Petitioning the trial court under ORS 138.083, not an appeal, is the proper avenue of redress for such errors.

■ Defendant's judgment of conviction here was entered September 11, 1995, two days after the effective date of the 1995 amendments to ORS 138.083. Therefore, the statutory remedy was available to defendant. However, in view of the close proximity of the judgment to the effective date of the statutory amendment and the fact that we announce here for the first time the change in our policy for review of such errors, we believe that the ends of justice are best served by exercising our discretion to review defendant's assignment of error. We do so for the reasons set forth in *Owen,* 142 Or App at 314, and remand for the entry of a corrected judgment deleting defendant's 18-month term of postprison supervision and imposing a 12-month term.

Defendant's second assignment of error lacks merit, and we reject it without discussion.

Convictions affirmed; remanded for entry of an amended judgment deleting the 18-month term of post-prison supervision and imposing a 12-month term.