Argued and submitted November 26, 1997, convictions affirmed; remanded for resentencing February 4, 1998

## STATE OF OREGON,
*Respondent,*

*v.*

## BERNARD RANDOLPH GALVIN,
*Appellant.*

## (10-96-02508; CA A94533)

954 P2d 800

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Defendant was tried and convicted on two counts of driving under the influence of intoxicants, ORS 813.010, two counts of reckless driving, ORS 811.140, two counts of felony driving while suspended, ORS 811.182, and one count of failure to perform the duties of a driver, ORS 811.700. On appeal, defendant challenges his sentences on each of the convictions except for the two convictions for felony driving while suspended. For the following reasons, we remand for resentencing.

At sentencing, the trial court imposed consecutive upward departure sentences of six months on each of the felony driving while suspended convictions. On the misdemeanor conviction for failure to perform the duties of a driver, the court imposed a term of 60 months' probation, and one of the conditions of probation was the service of a 12-month jail term consecutive to the felony driving while suspended sentences. On the misdemeanor convictions for driving under the influence of intoxicants, the court imposed 60 months' of probation, with probationary conditions including the service of two six-month jail terms concurrent to each other, but consecutive to the jail term for failure to perform the duties of a driver. On the misdemeanor convictions for reckless driving, the court also imposed 60 months of probation, with probationary conditions including the service of two six-month jail terms concurrent to each other but consecutive to the jail terms for driving under the influence of intoxicants. Thus, the court imposed total sentences of 36 months of incarceration.

On appeal, defendant argues that the jail terms imposed as conditions of probation on the misdemeanor convictions were incorrectly imposed. Defendant concedes that any errors concerning these jail terms are unpreserved, but urges this court to address these issues as errors apparent on the face of the record. ORAP 5.45(2).

■      We agree that there is an error apparent on the face of the record in regard to the 12-month jail sentence imposed as a condition of probation on defendant's conviction for failure to perform the duties of a driver. Because the sentence

imposed exceeded the trial court's statutory authority, we may exercise our discretion to correct this error. *See State v. Cook*, 108 Or App 576, 582, 816 P2d 697 (1991), *rev den* 312 Or 588 (1992) ("If a sentencing court exceeds its statutory authority in imposing a specific sentence, that is an 'error of law' that may be addressed without an objection to the sentencing court."). In order to address such an error, we must articulate our reasons for doing so. *State v. Rood*, 129 Or App 422, 424, 879 P2d 886 (1994), *citing Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). Weighing in favor of addressing the unpreserved error is the state's concession of the error and the fact that the sentence imposed is double the maximum allowable by law, as discussed below. *See Rood*, 129 Or App at 424-25 (considering same factors). Weighing against it, though, is the fact that defendant failed to avail himself of the statutory remedy provided by ORS 138.083, giving the sentencing court the authority to correct erroneous terms in a judgment. *See id.* at 425; *State v. Graham*, 143 Or App 85, 88, 923 P2d 664 (1996); *State v. Arellano*, 149 Or App 86, 92-93, 941 P2d 1089 (1997). In the present case, as in *Rood*, we conclude that the gravity of the error outweighs defendant's failure to pursue the statutory remedy, and therefore exercise our discretion to review it.

ORS 137.540(2) provides, in part:

> "In addition to the general conditions, the court may impose any special conditions of probation that are reasonably related to the crime of conviction or the needs of the defendant for the protection of the public or reformation of the offender, or both, including, but not limited to, that the probationer shall:

> "(a) For * * * misdemeanors committed on or after November 1, 1989, *be confined to the county jail* or be restricted to the probationer's own residence or to the premises thereof, or be subject to any combination of such confinement and restriction, such confinement or restriction or combination thereof to be *for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is the lesser.*" (Emphasis supplied.)

Oregon Laws 1989, chapter 790, section 51, and subsequent reenactments provide, in pertinent part:

"(1)  Notwithstanding the provisions of ORS 161.615 [setting the maximum term of imprisonment for Class A misdemeanors at one year], the maximum term of jail incarceration for a Class A misdemeanor committed on or after November 1, 1989, shall not exceed six months unless the sentencing judge finds on the record substantial and compelling reasons to impose a longer term.

"(2)  The provisions of subsection (1) of this section do not apply to sentences imposed for:

"(a)  Violations of ORS * * * 813.010."

■  On defendant's conviction for failure to perform the duties of a driver, a Class A misdemeanor, the trial court imposed a 12-month jail sentence as a condition of probation. Under Section 51, quoted above, the maximum total jail sentence that could have been imposed for this misdemeanor would have been 12 months, had the court cited substantial and compelling reasons for imposing such a sentence. Here, the court did not impose a straight jail sentence, but imposed a jail sentence as a condition of probation. Under ORS 137.540(2), such a jail sentence as a condition of probation is limited to "one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted." Because the maximum period of confinement that could have been imposed for this offense was one year if substantial and compelling reasons were given for doing so, ORS 137.540(2) dictates that the maximum period of jail time that could be imposed as a condition of probation is one half of that amount, or six months. The trial court lacked statutory authority to impose a 12-month jail term as a condition of probation on defendant's conviction for failure to perform the duties of a driver.

■  The state agrees that the trial court erred in this regard, but urges this court to treat the error as harmless because the trial court could have imposed the 12-month jail sentence as a straight sentence rather than as a condition of probation if it had made findings of substantial and compelling reasons for doing so, *see* Section 51, above, thus reaching the same result in terms of overall jail time. It is true that the state argued to the sentencing court that there were substantial and compelling reasons to impose the maximum amount

of jail time for defendant's misdemeanor convictions. However, on this record, we are unable to conclude that the sentencing court would have imposed the same 12-month sentence as straight jail time rather than as a condition of probation; the court stated on the record that one of its reasons for imposing a probationary sentence was to retain the option of requiring that defendant enter a treatment program at some point in the future. Given the facts, we are not able to conclude that this sentencing error was harmless.

Concerning the remaining misdemeanor counts, defendant argues that the court erred in imposing six-month sentences as conditions of probation because, without substantial and compelling reasons for imposing one-year sentences, the court was limited to six-month jail sentences under Section 51, and, consequently, was limited to three months of jail time as conditions of probation for each of these offenses. However, on those convictions, the trial court had the statutory authority to impose the sentences that it did; the only issue is whether the court made the proper findings to support those sentences. Defendant did not preserve this issue in the court below. In general, we have refused to consider unpreserved error concerning the adequacy of courts' "substantial and compelling reasons" for imposing sentences. *See, e.g., State v. Brown*, 132 Or App 443, 888 P2d 1071, *rev den* 321 Or 137 (1995); *State v. Guzman*, 121 Or App 673, 855 P2d 1140 (1993). However, because we are remanding for resentencing due to the error discussed above, we address defendant's arguments pertaining to the other counts because the trial court will consider these issues on remand.

■ Defendant argues that the trial court could impose no more than three months' jail time as a condition of probation on the convictions for driving under the influence of intoxicants due to the limitations set forth in Section 51 and ORS 137.540(2)(a). We disagree. Section 51, by its own terms, does not apply to convictions for driving under the influence of intoxicants under ORS 813.010. The trial court could have imposed a sentence of up to one-year imprisonment for each of those convictions under ORS 161.615. Imposition of six-month jail terms as conditions of probation on those convictions did not violate ORS 137.540(2)(a), because six months is

"one-half of the maximum period of confinement that could be imposed for the offense."

■    On the remaining misdemeanor counts, Section 51 and ORS 137.540(2)(a) limit the amount of jail time imposed as a condition of probation to three months, unless the court finds substantial and compelling reasons to impose a longer term, in which case the maximum would be six months. *See State v. Sellberg*, 113 Or App 378, 379, 832 P2d 1269 (1992).

Convictions affirmed; remanded for resentencing.