STATE OF OREGON,
*Respondent,*

*v.*

KEVIN MICHAEL JOHNSON,
*Appellant.*

(93-04-32962; CA A85489)

964 P2d 1133

Dan Maloney, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Deits, Chief Judge,* and Haselton, Judge.

PER CURIAM

---

* Deits, C. J., *vice* Wollheim, J.

## PER CURIAM

Defendant appeals from his convictions on two counts of burglary in the first degree and two counts of rape in the first degree. ORS 164.225; ORS 163.375. We affirm the convictions but remand for resentencing. Defendant raises 12 assignments of error. Defendant's first 10 assignments include, *inter alia*, challenges to the complainant's in-court identification of defendant, the denial of defendant's motion to suppress evidence, including blood drawn from defendant's person, and the rejection of various "chain of custody" objections to the handling of defendant's blood sample and other materials that were subjected to DNA testing. We reject those assignments of error without discussion.

Defendant's final two assignments of error pertain to alleged sentencing errors. In his eleventh assignment, defendant asserts that, under *State v. Allison*, 143 Or App 241, 923 P2d 1224, *rev den* 324 Or 487 (1996), the trial court erred in ordering that his sentences on all four counts are subject to ORS 137.635. The state concedes that the trial court erred, and we accept that concession. *See generally State v. Jones*, 129 Or App 413, 879 P2d 881 (1994).

In defendant's twelfth assignment of error, he asserts that the trial court erred in imposing 168 months of post-prison supervision on his two convictions for rape in the first degree (counts 3 and 4) because those offenses were committed before the effective date of ORS 144.103, the statute permitting the imposition of extended post-prison supervision. The state concedes error on that issue, and we accept that concession.[1]

Reversed and remanded for resentencing; otherwise affirmed.

---

[1] Judgment in this case was entered on August 8, 1994. The provision of ORS 138.083 granting trial courts authority "to delete or modify any erroneous term in the judgment" was not available to defendant because that provision became effective on September 9, 1995. Or Laws 1995, ch 109, § 1. *See State v. Graham*, 143 Or App 85, 88, 923 P2d 664 (1996).