Argued and submitted June 8, 1998, motion to supplement record allowed; motion requiring trial court to hold post-trial sentencing hearing denied; affirmed September 22, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# CALEB R. LAYTON,
*Appellant.*

(95CR0874; CA A96263)

986 P2d 1221

Robert J. McCrea argued the cause and filed the brief for appellant.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

LANDAU, P. J.

---

* Deits, C. J., *vice* Riggs, P. J., resigned.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for the crime of assault in the third degree. ORS 163.165. He assigns error to the trial court's jury instruction on his defense of self-defense and to his sentence. We affirm.

Defendant and his neighbor, Simpson, had a history of "bad blood." Late one night, following a particularly heated argument with defendant, Simpson drove past defendant, who was walking on the side of the road. Simpson felt something hit the car. He then saw dirt fly on the roadside, followed by the shattering of car window glass. Simpson then was hit with a bullet that had been fired through the tail light and into the car through the back and front seats. A later investigation showed that, when defendant was walking down the road, he was carrying an assault rifle and that the first sound that Simpson heard was that of the gun barrel hitting his car. The investigation also showed that defendant fired shots at the car, including the one that injured Simpson. Defendant was charged with third-degree assault with a firearm.

At trial, defendant relied on the defense of self-defense. According to defendant, Simpson fired at him with a revolver out of his car window, and he fired back only to prevent any further shots from being fired at him. At the close of the case, the trial court instructed the jury that:

> "The danger justifying self-defense must be absolute, imminent and unavoidable. There must be no reasonable opportunity to escape and avoid the fray. There must be no other means of avoiding or declining combat."

Defendant took exception to the instruction and complained that the instruction "places undue emphasis on the ability to retreat." The jury returned a guilty verdict, and the trial court sentenced defendant to five years' incarceration, plus two years of post-prison supervision.

Defendant appealed. During the pendency of the appeal, defendant filed a motion pursuant to ORS 138.083 to correct a mistake in his sentence. He argued that the addition of the two-year term of post-prison supervision exceeded

the statutory maximum of five years for Class C felonies such as third-degree assault. The trial court declined to grant sentencing relief during the pendency of the appeal. Defendant moved for an order to supplement the record on appeal to reflect the disposition of his motion under ORS 138.083. We allow the motion.

■ On appeal, defendant first argues that the trial court erred in its jury instruction on self-defense. He contends that the instruction impermissibly forced the jury to ignore his subjective fears for his personal safety and restricted the jury to consideration of only those fears that were objectively reasonable. The state contends that that argument was not raised below and that, in any event, the instruction was a correct statement of the law.

■ We agree with the state that defendant's assignment was not preserved. ORCP 59 H, made applicable to criminal cases by ORS 136.330(2), requires that an exception be made with particularity. The particularity requirement ensures that trial courts are afforded a fair opportunity to correct possible mistakes. *Delaney v. Taco Time Int'l.*, 297 Or 10, 18, 681 P2d 114 (1984) (exceptions must be particular to give trial court opportunity to correct). In this case, defendant's exception at trial was that the instruction placed too much emphasis on his ability to retreat. On appeal, he argues that the instruction did not inform the jury that it is his subjective fear—and not the objective reasonableness of that fear—that determines the availability of the defense. His objection was not sufficient to put the trial court on notice as to the error he now asserts on appeal.

■ Defendant next challenges the imposition of a two-year period of post-prison supervision as part of his sentence. He begins by moving for an order directing the trial court to correct his sentence pursuant to ORS 138.083(1), which provides, in part:

> "The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the

judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties."

The state opposes the motion, arguing that the statute is permissive and that this court lacks authority to order the trial court to grant relief under it. We agree with the state. By its terms, ORS 138.083(1) merely grants authority to the trial courts during the pendency of an appeal to correct judgments. It does not require the trial courts to do anything. We deny defendant's motion.

■ Defendant argues that, in any event, the sentence that the trial court imposed is unlawful, because adding two years of post-prison supervision to five years of incarceration violates ORS 161.605(3), which limits sentences for Class C felonies to five years. The state argues that defendant did not make that argument below and that, even if the argument had been preserved, the trial court committed no error. According to the state, ORS 161.610(3), which expressly provides for mandatory minimum sentencing, "[n]otwithstanding the provisions of ORS 161.605 * * *," does not apply to this case. Defendant contends that even if the issue was not raised at trial, it was raised at the post-trial proceeding initiated pursuant to ORS 138.083(1).

We agree that the issue was not preserved. Defendant did not argue to the trial court that it lacked authority to impose a two-year period of post-prison supervision. We do not understand how raising the issue after trial somehow "cured" defendant's failure to raise it at the proper stage of the proceedings, that is, at the sentencing hearing. We have held that this precise issue is not error apparent on the face of the record. *State v. McCoy*, 152 Or App 393, 394, 952 P2d 572, *rev den* 327 Or 83 (1998). We decline to address the merits of defendant's contentions on appeal.

Motion to supplement record allowed; motion for order requiring trial court to hold post-trial sentencing hearing denied; affirmed.