Argued and submitted August 1, sentences vacated; remanded for resentencing; otherwise affirmed September 8, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT PAUL PATTON,
*Appellant.*

C031610CR; A122608

119 P3d 250

Jesse Wm. Barton argued the cause and filed the briefs for appellant.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Landau* and Ortega, Judges.

SCHUMAN, P. J.

---

* Landau, J., *vice* Richardson, S. J.

## SCHUMAN, P. J.

Defendant pleaded no contest to one count of first-degree possession of materials depicting sexually explicit conduct of a child, ORS 163.688, and two counts of sexual abuse in the third degree, ORS 163.415. On the possession of materials conviction, the trial court imposed a downward durational departure sentence of 12 months' incarceration and 24 months' post-prison supervision. On each of the sexual abuse convictions, the trial court imposed five years' supervised probation. As pertinent here, as to both probationary terms, the trial court imposed a special condition of probation that defendant "is prohibited from consuming or possessing any alcoholic liquor in any form under any circumstances." In addition, as a special condition of probation on the first probationary term, the trial court ordered defendant to serve 180 days in the county jail.

On appeal, defendant challenges the described conditions of probation. He first argues that, where the trial court expressly found at the sentencing proceeding that it "didn't see [alcohol consumption] as a problem," it was error to impose a special condition of probation prohibiting him from consuming or possessing alcohol, because that condition was not reasonably related to the crime of conviction, defendant's reformation, or the protection of the public, as required by ORS 137.540(2). Defendant concedes that he did not preserve the asserted error at the sentencing proceeding but argues that this court nevertheless should consider it for either of two reasons: first, because he cured the lack of preservation by raising the error in a motion under ORS 138.083 for an amended judgment; or second, because, if unpreserved, the error is plain error and his motion, among other considerations, militates in favor of exercising our discretion to review it. Defendant also makes an unpreserved challenge under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), to what he characterizes as the consecutive nature of the 180-day jail term imposed as a special condition of probation on his first sexual abuse conviction.

The state responds that, in *State v. Layton*, 163 Or App 37, 41, 986 P2d 1221 (1999), *rev den*, 330 Or 252 (2000), this court rejected the argument that a proceeding under ORS 138.083 "cures" a lack of preservation in a sentencing proceeding; according to the state, if defendant had raised the issue at sentencing, the state would have had an opportunity to develop a record supporting imposition of the condition that defendant not consume or possess alcohol. The state concedes that, if this court reaches defendant's challenge, on this record, the condition does not comply with the requirements in ORS 137.540(2). As to defendant's challenge to the purportedly consecutive jail term imposed as a condition of probation, the state argues that that challenge also is unpreserved and that, in any event, "it is not completely clear" that the jail term imposed as a condition of probation on his sexual abuse conviction is to be served consecutively to the incarceration term imposed on his possession of materials conviction because the written judgment "does not appear to impose any consecutive sentences." The state also argues that, to the extent that any two of defendant's sentences were ordered to be served consecutively, that aspect of the sentences is neither plain error nor, consistently with *Blakely* and *Apprendi*, error at all. According to the state, the requirement that an individual sentence be served consecutively to another sentence, without more, does not increase either individual sentence beyond the statutory maximum sentence for the relevant crime.

We begin with defendant's unpreserved challenge to the special condition of probation prohibiting him from consuming or possessing alcohol. As noted, the state concedes that that condition is erroneous. We agree. Even assuming, therefore, that defendant neither preserved his challenge nor cured it by way of a proceeding under ORS 138.083, we exercise our discretion to reach that plain error. *Cf. State v. Galvin*, 152 Or App 275, 278, 954 P2d 800 (1998) (the defendant's failure to avail himself of statutory remedy under ORS 138.083 weighed against court exercising discretion to reach unpreserved error). Moreover, because the trial court must reconsider the condition in light of the requirements in ORS 137.540(2), it is an error requiring resentencing. We therefore vacate all of defendant's sentences and remand for

resentencing. ORS 138.222(5); *see also State v. Rodvelt*, 187 Or App 128, 136, 66 P3d 577, *rev den*, 336 Or 17 (2003) (error in imposing sentences on misdemeanor convictions affected classification of other convictions; remanding for resentencing); *State v. Foster*, 186 Or App 466, 469, 63 P3d 1269 (2003) (condition of probation exceeded court's statutory authority; remanded for resentencing); *Galvin*, 152 Or App at 280 (same).

Because we vacate defendant's sentences in their entirety and remand for resentencing, we need not consider defendant's unpreserved challenge to the purportedly consecutive nature of the 180 days in jail imposed as a condition of probation on his sexual abuse conviction. *See State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005). We note, however, that, although the original judgment ordered that those custody units be served "consecutively to sentence imposed" on the possession of materials conviction, the amended judgment omits that statement.

Sentences vacated; remanded for resentencing; otherwise affirmed.