Submitted on record and briefs January 6, affirmed April 5, petition for review denied June 27, 2006 (341 Or 141)

STATE OF OREGON,
*Respondent,*

*v.*

AVERY HOLLOWAY,
*Appellant.*

01C-40699; A123225 (Control), A123294
(Cases Consolidated)

132 P3d 678

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Irene B. Taylor, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Avery Holloway filed the supplemental brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

**PER CURIAM**

Defendant pleaded guilty to a charge of escape in the second degree, ORS 162.155, and received an upward departure sentence of 60 months' imprisonment and 24 months' post-prison supervision. On appeal, defendant advances multiple challenges to his sentence, none of which was preserved below. We reject each of defendant's challenges to his sentence and write only to address defendant's challenges under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000).

Defendant first argues that, under *Blakely* and *Apprendi*, the trial court erred in imposing an upward departure sentence based on facts that were neither admitted by defendant nor found by a jury. Although defendant did not advance such a challenge below, he argues that the departure sentence should be reviewed as plain error. The Supreme Court's rejection of that argument under similar circumstances in *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006), is controlling. Second, defendant argues that the trial court violated the principles articulated in *Blakely* and *Apprendi* by denying him consideration for leave, release, and program options under ORS 137.750. He concedes that he did not advance that challenge below either, but argues that the trial court's denial should be reviewed as plain error. Our decision in *State v. Vigil*, 197 Or App 407, 106 P3d 656, *adh'd to on recons*, 199 Or App 525, 112 P3d 441, *rev den*, 339 Or 156 (2005), is controlling.

Affirmed.