Submitted on record and briefs July 13, in case number A125806, sentences vacated; remanded for resentencing; otherwise affirmed, in case number A125807, affirmed August 23, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## JEFFREY ALBERT BALOGH,
*Appellant.*

C031976CR, C033212CR;
A125806 (Control), A125807
(Cases Consolidated)

142 P3d 473

Jason E. Thompson and Ferder Casebeer & French LLP filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

---

* Schuman, J., *vice* Ceniceros, S. J.

**LANDAU, P. J.**

In case number A125806, defendant was convicted of two counts of sexual abuse in the first degree and one count of attempted sexual abuse in the first degree. In case number A125807, defendant was convicted of one count of attempted sexual abuse in the first degree. ORS 163.427; ORS 161.405. The two cases were consolidated for appeal. In this court, defendant argues that the trial court erred in failing to grant, *sua sponte*, judgments of acquittal on all of the enumerated charges based on a lack of evidence in the records that defendant touched the respective victims for a sexual purpose. Defendant also argues that the trial court erred in imposing post-prison supervision (PPS) terms on his convictions in the first case; he concedes that he did not raise that issue below, but urges us to reach it as plain error. We reject without discussion defendant's assignments of error pertaining to his convictions. For the reasons explained below, we vacate defendant's sentences in case number A125806 and remand for resentencing.

Under ORS 144.103(1), the length of the PPS term imposed for specified sex offenses, including sexual abuse in the first degree and attempted sexual abuse in the first degree, consists of the maximum statutory indeterminate sentence for the offense, less the term of imprisonment served for that offense. The maximum statutory indeterminate sentence for first-degree sexual abuse, a Class B felony, is 10 years or 120 months; the maximum for attempted first-degree sexual abuse, a Class C felony, is five years or 60 months. ORS 161.605. Under OAR 213-012-0040(1), when an offender has been sentenced to multiple terms of PPS, the terms of PPS are served as a single term. Under OAR 213-012-0020(4), the supervision term of consecutive sentences is the PPS term "imposed for the primary offense if the sentence for any offense includes a prison term."

Here, in case number A125806, defendant was sentenced under ORS 137.700 to 75 months' imprisonment for each of the first-degree sexual abuse convictions. On the attempted sexual abuse conviction in that case, the trial court sentenced defendant to 13 months' imprisonment. The

court further ordered that the sentence for one of the sexual abuse convictions be served consecutively to the sentence for attempted sexual abuse; and that 12 months of the sentence for the other sexual abuse conviction be served consecutively to the other two sentences, with the remaining 63 months to be served concurrently, for a total prison term of 100 months. Finally, the court imposed PPS terms of five years on the attempted sexual abuse conviction and, for each of the sexual abuse convictions, 10 years "minus time served." In imposing the unqualified five-year PPS term for attempted sexual abuse, the court accounted neither for defendant's incarceration term for that conviction, as provided in ORS 144.103(1) nor for the rules, described above, under which multiple PPS terms in a case involving consecutive sentences are served as a single term, the length of which is determined by the primary offense—here, either of the convictions for first-degree sexual abuse. OAR 213-012-0020(4); OAR 213-012-0040(1). Had the court done so, defendant's PPS term, derived from the primary offense of first-degree sexual abuse, would have been the 120-month statutory maximum indeterminate term minus the 75-month incarceration term for that offense, or 45 months' PPS.[1]

As noted, defendant concedes that he did not object to the sentence below, but asserts that we should review it as an error of law apparent on the face of the record. ORAP 5.45(1). Relying on *State v. Arrellano*, 149 Or App 86, 941 P2d 1089 (1997), *rev dismissed*, 327 Or 555 (1998), and *State v. Graham*, 143 Or App 85, 923 P2d 664 (1996), the state responds that, even assuming that the trial court erred, this court should not exercise its discretion to review the error because defendant "may file" a motion to correct the judgment under ORS 138.083, providing for the sentencing court's authority, "irrespective of any notice of appeal * * * to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment." The state makes no

---

[1] Defendant calculates that the proper PPS term for his primary offense was 20 months, that is, the 120-month indeterminate maximum minus his 100-month aggregate incarceration term on all sentences in that case. Defendant's calculation is incorrect. We understand the calculation set out in ORS 144.103(1) to require subtraction of the incarceration term served for a particular offense, not the aggregate of all incarceration terms imposed in a case.

argument on the merits of defendant's challenge to his sentence.

In *State v. Galvin*, 152 Or App 275, 277-78, 954 P2d 800 (1998), we explained that a defendant's failure to avail himself or herself of the statutory remedy provided in ORS 138.083 "[w]eigh[ed] against" addressing an unpreserved claim of error regarding a sentence. In that case, however, we determined that the gravity of the error outweighed the defendant's failure to seek that remedy. Conversely, in *State v. Layton*, 163 Or App 37, 41, 986 P2d 1221 (1999), *rev den*, 330 Or 252 (2000), we rejected the defendant's argument that having sought modification of his sentence in a proceeding under ORS 138.083 "cured" a lack of preservation. Accordingly, neither availing oneself of the remedy provided in ORS 138.083, nor failing to do so, necessarily controls this court's discretion whether to reach a claimed error in sentencing. *See also State v. Patton*, 201 Or App 509, 512, 119 P3d 250 (2005). Rather, as in *Galvin*, we consider that circumstance, or its absence, as one factor.

The salient other factor in this case is the gravity of the error. As discussed above, the PPS term for defendant's primary offense, first-degree sexual abuse, calculates as 45 months. The trial court nevertheless imposed an unqualified 60-month PPS term on the attempted sexual abuse conviction in that case. Accordingly, if the error is not corrected, defendant will be required to serve an additional 15 months of PPS. The gravity of that unlawful sentence outweighs the availability, past or future, of an ORS 138.083 proceeding. *See also State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006) (state has no valid interest in requiring a defendant to serve an unlawful sentence).

In case number A125806, sentences vacated; remanded for resentencing; otherwise affirmed. In case number A125807, affirmed.