On respondent's petition for reconsideration filed September 13, and appellant's response to petition for reconsideration filed September 20, reconsideration allowed; former opinion (207 Or App 377, 142 P3d 473 (2006)) and disposition withdrawn; affirmed November 1, 2006

STATE OF OREGON,
*Respondent,*

*v.*

JEFFREY ALBERT BALOGH,
*Appellant.*

C031976CR, C033212CR;
A125806 (Control), A125807
(Cases Consolidated)

146 P3d 335

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for petition.

Jason E. Thompson and Ferder Casebeer & French LLP for response.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

The state seeks reconsideration of our decision in this case, in which we vacated defendant's sentences in one of two consolidated cases, remanded for resentencing in that case, and otherwise affirmed. *State v. Balogh*, 207 Or App 377, 142 P3d 473 (2006). For the reasons explained below, we allow the state's petition, withdraw our former opinion and disposition, and affirm.

In Case Number A125806, defendant was convicted of two counts of sexual abuse in the first degree and one count of attempted sexual abuse in the first degree. ORS 163.427; ORS 161.405. On each of the first-degree sexual abuse convictions, the trial court sentenced defendant under ORS 137.700 to 75 months' imprisonment, plus 10 years of post-prison supervision (PPS) "minus time served." On the attempted first-degree sexual abuse conviction, the trial court sentenced him to 13 months' imprisonment and to an unqualified five-year term of PPS. In Case Number A125807, defendant was convicted of one count of attempted sexual abuse in the first degree. The cases were consolidated for appeal.

In his first four assignments of error, defendant argued that the trial court erred in failing to grant, *sua sponte*, judgments of acquittal on the enumerated charges based on a lack of evidence that defendant touched the victims for a sexual purpose. In our original opinion, we rejected those assignments without discussion. On reconsideration, we again do so.

In his fifth assignment of error, defendant argued that the trial court erred under ORS 144.103(1) in failing to account for his 13-month prison term when it imposed a PPS term of five years, without qualification, on his conviction in Case Number A125806 for attempted first-degree sexual abuse. In our original decision, we held that the trial court plainly erred under ORS 144.103(1) in imposing that PPS term. In its petition for reconsideration, the state asserts that, although no one had advised us of the fact, defendant's fifth assignment of error had become moot by the time we decided it.

The state is correct. On July 14, 2006, the trial court entered an amended judgment sentencing defendant to a PPS term of 60 months "minus time served" on the relevant conviction. Consequently, defendant's fifth assignment of error is moot. *Cf. Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993) ("Cases * * * in which a court's decision no longer will have a practical effect on or concerning the rights of the parties, will be dismissed as moot."). We therefore allow the state's petition for reconsideration, withdraw our former disposition, and affirm.

Reconsideration allowed; former opinion and disposition withdrawn; affirmed.