Argued and submitted July 9, 2008, affirmed January 7, 2009

## AVERY L. HOLLOWAY,
*Petitioner-Appellant,*

*v.*

## Michael GOWER,
Superintendent,
Columbia River Correctional Institution,
*Defendant-Respondent.*

Multnomah County Circuit Court
060707838; A135669

200 P3d 584

Erin Galli argued the cause for appellant. With her on the brief was Chilton, Ebbett & Galli, LLC.

Inge D. Wells, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

## SCHUMAN, J.

Petitioner sought post-conviction relief, alleging that his trial and appellate attorneys provided constitutionally ineffective assistance in their handling of various issues relating to his sentence. The post-conviction trial court denied his claims, and he appeals. We affirm.

The relevant facts are undisputed. Petitioner pleaded guilty to the Class C felony of escape in the second degree. ORS 162.155. He was sentenced in November 2003. Based on its own factual findings, the trial court imposed an upward departure sentence of 60 months in prison and 24 months of post-prison supervision (PPS). Petitioner's trial counsel objected generally to the imposition of a departure sentence. He did not, however, argue that, based on the principles announced in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), a jury must find the facts supporting such a sentence. Nor did trial counsel argue that the combined incarceration and PPS terms exceeded the 60-month statutory maximum indeterminate sentence for the crime, in violation of OAR 213-005-0002(4). That rule provides:

> "The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction. When the total duration of any sentence (prison incarceration and post-prison supervision) exceeds the statutory maximum indeterminate sentence described in ORS 161.605, the sentencing judge shall first reduce the duration of post-prison supervision to the extent necessary to conform the total sentence length to the statutory maximum."

In the course of preparing petitioner's direct appeal of his sentence, petitioner's appellate counsel identified the latter issue and sought correction of the judgment in that regard under ORS 138.083, which provides, in part:

> "(1)(a) The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors or to delete or modify any erroneous term in the judgment. The court may correct the

judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties."

Counsel did not request a hearing and did not arrange for petitioner to be present at the ORS 138.083 proceeding. In March 2004, the trial court entered a corrected judgment imposing 60 months' imprisonment and no term of PPS.

Petitioner's appellate counsel then proceeded with the appeal, advancing two assignments of error relating to the trial court's imposition of a departure sentence based on facts not found by a jury or admitted by defendant and its determination under ORS 137.750 that petitioner not be considered for sentence modification programs. Both assignments relied on *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), decided after entry of the corrected judgment. Petitioner conceded that he had not preserved either issue in the trial court but urged this court to reach the issues as plain error. We declined to do so. *State v. Holloway*, 205 Or App 100, 132 P3d 678, *rev den*, 341 Or 141 (2006).

Petitioner sought post-conviction relief. As pertinent here, he alleged that he was denied his rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution to effective assistance of trial counsel by reason of counsel's failure to object to imposition of a departure sentence based on facts not found by a jury and trial counsel's failure to object to petitioner's original sentence of 60 months' imprisonment and 24 months of PPS. Petitioner also alleged that he was denied the effective assistance of appellate counsel based on counsel's choice to remediate his original excessive sentence by means of an ORS 138.083 proceeding rather than raising that issue in petitioner's direct appeal; counsel's failure to ensure that he was present at the ORS 138.083 proceeding; and counsel's failure to object to the sentence imposed at that proceeding. As to the latter issue, petitioner argued that, under ORS 144.085, the trial court was required to impose at least 12 months of PPS and that his sentence therefore should have consisted of a 48-month incarceration term and a 12-month PPS term.

The post-conviction court found that, at petitioner's original sentencing proceeding, the trial court intended to

give him the maximum possible incarceration term—a 60-month departure sentence—and that petitioner failed to demonstrate that there were any facts that he could have presented to the trial court at the subsequent ORS 138.083 proceeding, of which the trial court was not already aware, that would have persuaded the trial court to impose a shorter incarceration term. The post-conviction court also found that, consistently with OAR 213-005-0002(4), when a total sentence exceeds the statutory maximum indeterminate sentence for a crime, the sentencing court is obligated to first reduce the duration of PPS. The court found that, accordingly, petitioner did not prove that, if he had been present at the ORS 138.083 proceeding, he would have been able to persuade the trial court to impose a 48-month incarceration term plus a 12-month PPS term, rather than merely deleting the PPS term from his sentence. The post-conviction court ultimately denied relief, concluding that neither trial nor appellate counsel's representation fell below the required standards and that petitioner failed to show that he was prejudiced by the performance of either trial or appellate counsel. As noted, petitioner now appeals.

To prevail on a post-conviction claim of inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, a petitioner must prove, by a preponderance of the evidence, facts demonstrating that counsel failed to exercise reasonable professional skill and judgment and that the petitioner suffered prejudice as a result. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). To prevail under the Sixth Amendment, a petitioner must prove that counsel's performance "fell below an objective standard of reasonableness * * * under prevailing professional norms" and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 US 668, 688, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

Whether a petitioner has demonstrated prejudice is a question of law that, in turn, may depend on predicate findings of fact. *Krieg v. Belleque*, 221 Or App 36, 39-40, 188 P3d 413 (2008). If the post-conviction court made such predicate findings, we are bound by them if they are supported by evidence in the record; if the post-conviction court did not

expressly make such findings, and there is evidence from which the facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the ultimate conclusion. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968).

■ In his first assignment of error, petitioner again argues that his trial counsel was ineffective by reason of failing to object to petitioner's original sentence on the ground that it violated OAR 213-005-0002(4) and in failing to argue that, in order to bring it into compliance with that rule and with ORS 144.085, the sentencing court was required to impose a sentence of 48 months' imprisonment and 12 months of PPS. Defendant responds that the trial court was not required to impose the sentence identified by petitioner and that, accordingly, trial counsel's performance was not ineffective.

In *Layton v. Hall*, 181 Or App 581, 591-92, 47 P3d 898 (2002), the post-conviction petitioner claimed that his trial counsel's performance fell below the constitutional minimum because he failed to object to a sentence consisting of an incarceration term (five years) plus a PPS term (two years) that exceeded the indeterminate statutory maximum sentence for his crime (five years), in violation of OAR 213-005-0002(4). The trial court granted relief, and we affirmed. We also determined that the petitioner was prejudiced thereby because, had trial counsel raised the objection, the petitioner would have received a sentence consisting of only five years' incarceration, instead of five years' incarceration plus two years of PPS. The petitioner therefore was denied the effective assistance of counsel. *Id.* at 591-92.

■ Consistently with *Layton*, we conclude that petitioner's trial counsel's failure to argue that petitioner's original sentence violated OAR 213-005-0002(4) fell below an objective standard of reasonable performance. However, counsel's failure to argue that the trial court was required to sentence petitioner to 48 months' imprisonment and 12 months of PPS performance was not deficient. That is because such a sentence would itself have been inconsistent with OAR 213-005-0002(4), which, moreover, has the force of a statute, *see State v. Langdon*, 330 Or 72, 74, 999 P2d 1127

(2000). Nor was that sentence required by ORS 144.085. That statute provides, in part:

> "(1) All prisoners sentenced to prison for more than 12 months shall serve active periods of parole or post-prison supervision as follows:
>
> "* * * * *
>
> "(b) Twelve months of active parole or post-prison supervision for crimes in crime categories four to 10;
>
> "(2) * * * [W]hen an offender has served the active period of parole or post-prison supervision under subsection (1)(a) or (b) of this section, the supervisory authority shall place the offender on inactive supervision status."

Contrary to petitioner's argument, the statute does not require imposition of at least 12 months of PPS, thereby, in combination with OAR 213-005-0002(4), limiting his term of incarceration to 48 months. Rather, the statute is directed to "the supervisory authority," not the sentencing court, and requires only that, if an offender's sentence contains a term of PPS, it must contain at least 12 months of *active* PPS. *See Layton*, 181 Or App at 592 (under OAR 213-005-0002(4), some sentences will include no PPS).

Petitioner's corrected sentence, then, is not unlawful. Thus, although trial counsel's performance was deficient in the first respect asserted by petitioner, it was not deficient in the second respect; more significantly, petitioner ultimately was not prejudiced. For that reason, the post-conviction court did not err in determining that petitioner was not denied effective assistance of trial counsel in regard to his original sentence.

■ Petitioner next argues that the post-conviction court should have determined that appellate counsel was ineffective for failing to assign error to the trial court's correction of his sentence in the ORS 138.083 proceeding outside petitioner's presence. Specifically, he challenges the post-conviction court's finding that he failed to establish that he was prejudiced by counsel's failure. Petitioner relies on decisions of this court in direct appeals of criminal convictions in which we concluded that a defendant's absence at sentencing was not harmless, notwithstanding that the defendant was

unlikely to have persuaded the sentencing court to impose a particular sentence. *See, e.g., State v. DeCamp*, 158 Or App 238, 973 P3d 922 (1999) (trial court erred in modifying the defendant's sentence outside of the defendant's presence; Court of Appeals vacated sentence and remanding for further proceedings). Petitioner reasons that, where his absence from the ORS 138.083 proceeding would have been deemed not harmless on direct appeal and would have resulted in a new sentencing proceeding, he necessarily was prejudiced by appellate counsel's failure to raise that issue.

Defendant responds that, because petitioner's counsel in the ORS 138.083 proceeding—as it happened, appellate counsel herself—did not object to petitioner's absence, that issue was not preserved. Moreover, defendant argues, the error was not plain because it was disputable whether the modification of petitioner's sentence was substantive or, as defendant posits, merely administrative. Defendant reasons that, accordingly, appellate counsel was not deficient for failing to assign the issue as error on appeal.

■■ We agree with defendant. In regard to actionable prejudice resulting from inadequate assistance of appellate counsel, a petitioner must establish (1) that competent appellate counsel would have asserted the claim and (2) that, had the claim of error been raised, it is more probable than not that the result of the appeal would have been different. *Pratt v. Armenakis*, 199 Or App 448, 112 P3d 371 (2005) (citing *Guinn v. Cupp*, 304 Or 488, 496, 747 P2d 984 (1987)). Ordinarily, where an issue is not preserved at trial and is not reviewable as plain error, appellate counsel's performance is not deficient by reason of failing to assign the issue as error on appeal. *See, e.g., Krieg*, 221 Or App at 41-42 (where trial counsel did not raise the issue, so that it was not preserved for appeal, and where the error, if any, was not plain, appellate counsel properly determined that the issue was not raisable on appeal); *Pratt*, 199 Or App at 467-68 (except in extraordinary circumstances, appellate counsel's failure to raise unpreserved matters does not, and cannot, constitute inadequate assistance). That is the case here: the relevant issue was neither preserved nor reviewable as plain error.[1]

---

[1] We need not, and do not, decide whether petitioner's absence from the ORS 138.083 proceeding in this case was error; we decide only that the error, if any, was

The post-conviction court did not err in determining that petitioner was not denied the effective assistance of appellate counsel by reason of counsel's failure to assign error to his absence from the ORS 138.083 proceeding.

■ In his third assignment of error, petitioner argues that the post-conviction court erred in determining that appellate counsel's performance was not deficient and that petitioner was not prejudiced by reason of the manner in which appellate counsel sought to correct his original sentence. Petitioner asserts that, had counsel assigned error to the sentence on direct appeal on the ground that it exceeded the statutory indeterminate maximum for a Class C felony, rather than seeking correction of the sentence in an ORS 138.083 proceeding, the Court of Appeals would have considered that issue as plain error, it would have remanded the case for resentencing, and petitioner would have been present for that proceeding.

Defendant responds that, in light of existing case law addressing the effect of pursuing—or not pursuing—an ORS 138.083 proceeding on this court's exercise of its discretion to review plain sentencing error, appellate counsel properly determined that pursuit of an ORS 138.083 proceeding was prudent.

This court previously has explained that, where a defendant fails to preserve a sentencing error at trial, this court will consider, as one factor pertaining to the court's exercise of discretion to correct the error, whether the defendant has availed himself or herself of the remedy provided in ORS 138.083. *State v. Balogh*, 207 Or App 377, 380-81, 142 P3d 473, *opinion withdrawn and superseded on recons*, 209 Or App 162, 146 P3d 335 (2006). Although our opinion in that case was withdrawn because the case became moot while the appeal was pending, the reasoning remains sound. It follows

---

not plain—specifically, that, on these facts, the legal point was not obvious and beyond dispute. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (for error to be plain, it must satisfy three criteria: (1) it must be an error of law; (2) it must be "apparent," meaning the legal point must be obvious, that is, "not reasonably in dispute"; and (3) it must appear on the face of the record, meaning the court need not go outside the record or choose between competing inferences to identify the error).

that appellate counsel exercised objectively reasonable professional skill and judgment in seeking to correct petitioner's sentence by way of an ORS 138.083 proceeding and that the post-conviction court did not err in so determining. We reject petitioner's third assignment of error without further discussion.

■■ In his fourth assignment of error, petitioner argues that the post-conviction court erred in determining that trial counsel was not ineffective by reason of failing to object, based on the principles enunciated in *Apprendi*, to imposition of an upward departure sentence based on facts not admitted by him or found by a jury beyond a reasonable doubt. As previously noted, petitioner originally was sentenced in November 2003. Whether trial counsel exercised reasonable skill and judgment entails an examination of the state of the law at that time. *Wells v. Peterson*, 315 Or App 233, 236, 844 P3d 192 (1992).

Petitioner acknowledges that, at the time that he was sentenced, *State v. Dilts*, 179 Or App 238, 39 P3d 276 (2002), *aff'd*, 336 Or 158, 82 P3d 593 (2003), *vac'd and rem'd*, 542 US 934 (2004), was the controlling applicable law and that, consistently with that law, an objection to an upward departure sentence on *Apprendi* grounds would have been unsuccessful. We held as much, and concluded that the performance of the trial counsel in that case therefore was not deficient, in *Peralta-Basilio v. Hill*, 203 Or App 449, 126 P3d 1, *rev den*, 340 Or 359 (2006). Petitioner nevertheless contends that his trial counsel's performance was deficient—and that *Peralta-Basilio* was wrongly decided—because, notwithstanding that the trial court would have rejected counsel's argument based on this court's decision in *Dilts*, there remained a possibility that higher courts would extend *Apprendi* to upward departure sentences—as, indeed, eventually occurred. *See Blakely*, 542 US 296; *State v. Dilts*, 337 Or 645, 103 P3d 95 (2004). Petitioner further argues that he was prejudiced by trial counsel's performance because, had the issue been preserved for appeal, his sentence would have been vacated and he would have received a shorter sentence. Defendant responds that *Peralta-Basilio* is controlling.

We agree with defendant. Consistently with that and analogous cases, *see, e.g.*, *Krieg*, 221 Or App at 41 (given the state of the law at the time of sentencing, trial counsel was not deficient by reason of failing to assert that *Apprendi* principles apply to consecutive sentences), trial counsel's performance was not deficient. The post-conviction court did not err.

Affirmed.