Argued and submitted November 16, reversed and remanded for resentencing; otherwise affirmed December 15, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BALTAZAR DELGADO,
*Defendant-Appellant.*

Marion County Circuit Court
08C44650; A141299

245 P3d 170

Bear Wilner-Nugent argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant was convicted of unlawful delivery of methamphetamine, unlawful possession of methamphetamine, and two counts of felon in possession of a firearm. On appeal, he argues that the trial court erred in denying his motion to suppress evidence that the police obtained after stopping his vehicle. He further argues that the trial court imposed unlawful sentences on the drug offenses, because the terms of post-prison supervision (PPS) exceed the maximum allowable by law. We reject without discussion defendant's arguments regarding the motion to suppress and write only to address his challenges to his sentences.

Defendant was sentenced on his drug offenses as follows: On Count 1 (unlawful delivery of methamphetamine), defendant received an upward departure sentence of 80 months' imprisonment and 40 months' post-prison supervision. On Count 2 (unlawful possession of methamphetamine), he received an upward departure sentence of 40 months' imprisonment and 60 months' post-prison supervision, to be served concurrently to his sentence on Count 1. On appeal, defendant argues that the maximum allowable post-prison supervision terms for those offenses were 36 months, and that the terms imposed by the trial court— 40 and 60 months, respectively—were unlawful. Indeed, the state does not dispute that the sentences were *plainly* erroneous. The only question on appeal is whether this court should exercise its discretion to review for plain error and correct those erroneous terms. ORAP 5.45(1) (an "appellate court may consider an error of law apparent on the face of the record").

According to the state, this court has, since *State v. Graham*, 143 Or App 85, 923 P2d 664 (1996), consistently declined to exercise discretion to correct unpreserved errors in the imposition of post-prison supervision terms. In *Graham*, the defendant was sentenced to an erroneous term of post-prison supervision just days after ORS 138.083 was amended to allow a sentencing court to "modify any erroneous term in the judgment." The defendant asked that we exercise our discretion to correct the erroneous post-prison supervision term, as had been our practice, but the state

argued that the amendments to ORS 138.083 had changed the landscape. In the state's view, the proper remedy for an erroneous post-prison supervision term was no longer plain error review, but rather a motion to correct the judgment in the trial court.

We agreed with the state's argument that the amendments to ORS 138.083 required us to revisit our "practice in the past to exercise our discretion under [ORAP 5.45] to review certain unpreserved errors in post-prison supervision terms." 143 Or App at 87. We reasoned:

> "[W]e no longer believe that it is appropriate to exercise our discretion to review unpreserved errors in terms of post-prison supervision contained in judgments entered after [the effective date of the amendments to ORS 138.083]. Petitioning the trial court under ORS 138.083, not an appeal, is the proper avenue of redress for such errors."

*Id.* at 88.[1]

We have since retreated, however, from the view that the failure to move to correct the judgment is fatal to our plain error review.[2] Instead, we more recently have viewed the failure to file a motion to correct the judgment pursuant to ORS 138.083 as "one factor pertaining to the court's exercise of discretion to correct the error." *Holloway v. Gower*, 225 Or App 176, 184, 200 P3d 584 (2009). In *State v. Balogh*, 207 Or App 377, 381, 142 P3d 473, *opinion withdrawn and superseded on recons*, 209 Or App 162, 146 P3d 335 (2006), we exercised our discretion to correct an erroneous post-prison supervision term despite the state's invocation of *Graham*:

> "In *State v. Galvin*, 152 Or App 275, 277-78, 954 P2d 800 (1998), we explained that a defendant's failure to avail himself or herself of the statutory remedy provided in ORS 138.083 '[w]eigh[ed] against' addressing an unpreserved

---

[1] We nonetheless concluded that the ends of justice were best served by exercising our discretion to correct the error in *Graham*, because of the "close proximity of the judgment to the effective date of the statutory amendment" and the fact that we were announcing a "change in our policy for review of such errors." 143 Or App at 88.

[2] That is to say our cases have not been consistent. Nor have our cases always distinguished when the issue is raised on direct appeal as opposed to post-conviction relief. However, we need not attempt to reconcile those inconsistencies in this case, other than to say that *Graham* does not reflect our current approach.

claim of error regarding a sentence. In that case, however, we determined that the gravity of the error outweighed the defendant's failure to seek that remedy. Conversely, in *State v. Layton*, 163 Or App 37, 41, 986 P2d 1221 (1999), *rev den*, 330 Or 252 (2000), we rejected the defendant's argument that having sought modification of his sentence in a proceeding under ORS 138.083 'cured' a lack of preservation. Accordingly, neither availing oneself of the remedy provided in ORS 138.083, nor failing to do so, necessarily controls this court's discretion whether to reach a claimed error in sentencing. *See also State v. Patton*, 201 Or App 509, 512, 119 P3d 250 (2005). Rather, as in *Galvin*, we consider that circumstance, or its absence, as one factor.

"The salient other factor in this case is the gravity of the error. As discussed above, the [post-prison supervision] term for defendant's primary offense, first-degree sexual abuse, calculates as 45 months. The trial court nevertheless imposed an unqualified 60-month [post-prison supervision] term on the attempted sexual abuse conviction in that case. Accordingly, if the error is not corrected, defendant will be required to serve an additional 15 months of [post-prison supervision]. The gravity of that unlawful sentence outweighs the availability, past or future, of an ORS 138.083 proceeding."

*See also Holloway*, 225 Or App at 184 (explaining that, "[a]lthough our opinion [*Balogh*] was withdrawn because the case became moot while the appeal was pending, the reasoning remains sound").

Here, as in *Balogh*, a "salient other factor" is the gravity of the sentencing error. The state does not dispute that, as a result of the sentencing errors in this case, defendant will be required to serve additional months of post-prison supervision. Another salient factor is that the terms of post-prison supervision were not discussed on the record at sentencing in this case, but rather appeared for the first time when defendant's convictions and sentences were reduced to judgment. In other words, defendant did not acquiesce to the error by remaining silent in the first instance, nor is it apparent that he could have "cured" any preservation problem after the fact, *see Layton*, 163 Or App at 41.[3] For those

---

[3] In *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008), the court observed that, "[i]n some circumstances, the preservation requirement gives way

reasons—namely, the circumstances surrounding defendant's failure to object and the gravity of the error—we exercise our discretion to correct the plainly erroneous terms of post-prison supervision imposed in this case. Accordingly, we remand the entire case for resentencing. ORS 138.222(5)(a).

Reversed and remanded for resentencing; otherwise affirmed.

---

entirely, as when a party has no practical ability to raise an issue." We have recently applied that principle where errors have appeared for the first time in a judgment. *See, e.g., State v. Lewis,* 236 Or App 49, 234 P3d 152, *rev den,* 349 Or 172 (2010). Defendant, relying on that recent case law, argues that the rules of preservation give way entirely in this case because the error appeared for the first time in the judgment. We need not address that contention in this case, however, because we would correct the error regardless of whether there is a preservation requirement in these circumstances.