Argued and submitted November 14, 1996, affirmed July 2, petition for review allowed December 23, 1997 (326 Or 233)

STATE OF OREGON,
*Respondent,*

*v.*

CRÉCENSIO SEGUNDO ARELLANO,
*Appellant.*

(94CR2400FE; CA A91135)

941 P2d 1089

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Defendant appeals his convictions and sentences for two counts of rape in the first degree, ORS 163.375, and one count each of sodomy in the first degree and menacing in the first degree, ORS 163.405; ORS 163.190. He assigns error to, among other things, the trial court's exclusion of testimony as to a victim's prior false accusation of sexual assault and to his sentence. We affirm.

We state briefly only those facts relevant to the issues on appeal. Defendant's 12-year-old stepdaughter accused him of multiple sexual assaults during 1993 while her mother was at work. At trial, defendant sought to impeach the victim with evidence that she had previously falsely accused a classmate of forcibly sexually abusing her. The state objected. Defendant replied that, under *State v. LeClair*, 83 Or App 121, 730 P2d 609 (1986), *rev den* 303 Or 74 (1987), he must be allowed to cross-examine the victim when she has made prior false accusations. In a four-hour OEC 104 hearing, defendant presented evidence that the victim had accused a classmate of pushing her into a bedroom, holding her down and touching her vagina. Defendant then offered evidence that the investigating officer had concluded that her accusation against the classmate was "unfounded," in that, apart from competing allegations of the victim and the alleged assailant, there was no corroborating evidence one way or the other.

Defendant argued that, because he had demonstrated that the prior accusation was false, he was entitled to impeach the victim's testimony with evidence of that prior accusation. The trial court found that the evidence as to the prior accusation was in conflict and confusing and that defendant failed to demonstrate that the prior accusation more likely than not was false. The trial court also held that further testimony on the matter would unduly delay the trial and likely would confuse the jury. Accordingly, the court sustained the state's objection to the admission of the impeachment testimony. Defendant ultimately was convicted on the rape and sodomy charges. At sentencing, the trial court imposed sentence under Category 10 of the Crime Seriousness Scale. Defendant did not complain at that time that the

imposition of sentence under that category was error in the absence of allegations of subclassification factors that justify sentencing under a higher category.

On appeal, defendant first argues that the trial court erred in failing to allow testimony regarding the victim's prior false accusation. According to defendant, we should review the ruling as a matter of law and conclude that he had established that the victim's prior accusation was false and therefore proper impeachment evidence under *LeClair*. In the alternative, defendant argues that at the least he established *some* evidence of the falsity of the prior accusation and, again under *LeClair*, he is entitled to pursue the matter further because the probative value of the evidence outweighed any risk of prejudice, confusion or delay that might result.

The state first contends that we do not review the trial court's decision as a matter of law. According to the state, the trial court's evaluation of the evidence on whether the prior accusation was false is binding on appeal if there is evidence to support the court's findings. As for the court's evaluation of the probative value and potential prejudice of allowing further inquiry into the matter, the state contends that we review that decision for an abuse of discretion. Applying those standards of review, the state contends that there is, in fact, evidence to support the trial court's finding that defendant failed to demonstrate the falsity of the prior accusation and that the trial court did not abuse its discretion in declining to allow further examination on the question, in the light of the delays and confusion that would have resulted.

In *LeClair*, the defendant sought reversal of his convictions for rape and sexual abuse, arguing that the court erred in limiting his cross-examination of the victim and in refusing to admit impeachment evidence of allegedly prior false reports of sexual abuse made by the victim. We held that false statements were not past sexual conduct and, therefore, were not excluded under the Rape Shield Law's prohibition of evidence of specific instances of a victim's past sexual behavior. *See* OEC 412. We noted that the prohibition of OEC 608(2) as to inquiry about specific instances of conduct on cross-examination does include false statements. *LeClair*, 83 Or App at 126-27. Nonetheless, we held that,

"regardless of the prohibitions of OEC 608, the Confrontation Clause of Article I, section 11, requires that the court permit a defendant to cross-examine the complaining witness in front of the jury concerning other accusations she has made if 1) she has recanted them; 2) the defendant demonstrates to the court that those accusations were false; or 3) there is some evidence that the victim has made prior accusations that were false, unless the probative value of the evidence which the defendant seeks to elicit on the cross-examination (including the probability that false accusations were in fact made) is substantially outweighed by the risk of prejudice, confusion, embarrassment or delay."

*Id.* at 130.

■ We have not had occasion to address the scope of our review of a trial court's decision to admit or exclude evidence under each of the three circumstances described in *LeClair*. We do so now. Whether evidence qualifies for admission under the rules of evidence is a question of law. However, unless an evidentiary rule or the constitution requires admission, the decision as to whether or to what extent qualifying evidence should be admitted is generally reviewed for abuse of discretion. *See State v. Meyers*, 132 Or App 585, 587, 889 P2d 374 (1995) (decision to admit or exclude evidence on OEC 403 grounds reviewed for abuse of discretion); *State v. Thompson*, 131 Or App 230, 240, 884 P2d 574 (1994), *rev den* 320 Or 508 (1995) (discretionary decision to admit or disallow impeachment evidence on a collateral matter generally reviewed with "considerable deference"). In an OEC 104 hearing, the proponent of the evidence generally has the burden of establishing the factual prerequisites for admissibility. *State v. Thoma*, 313 Or 268, 276, 834 P2d 1020 (1992). We must accept reasonable factual inferences found by a trial court, and, if the evidence supports the court's ruling, the ruling will not be disturbed. *Id.* In sum, under *LeClair*, if the trial court finds—and the evidence supports—that an accusation was recanted or is false, we are bound by that finding and, as a matter of law, the evidence must be admitted. However, if the evidence of a prior false accusation is within the third category, we review the court's decision for abuse of discretion.

■ Defendant contends that his evidence met the standard of *LeClair's* second category—that the accusation was "demonstrably false." He argues that "demonstrably" means "capable of being demonstrated" and that his evidence clearly was "capable" of demonstrating that the accusation was false. Defendant argues from a false premise, namely that *LeClair* requires proof that the prior accusation was "demonstrably" false. What the case actually requires is that "the defendant *demonstrates* to the court that those accusations were false." *LeClair,* 83 Or App at 130 (emphasis supplied). "Demonstrate" means "to manifest clearly, certainly, or unmistakably: show clearly the existence of[.]" *Webster's Third New Int'l Dictionary* 600 (unabridged ed. 1993). *LeClair's* second category thus requires a showing of the falsity of the accusation. *See State v. Wonderling,* 104 Or App 204, 208, 799 P2d 1135 (1990) (inconsistencies in victim's report regarding prior sexual assault did not amount to recantation or demonstrably false accusation). The trial court in this case did not find it unmistakable here that the victim had made a false accusation. The court found the evidence in equipoise. That finding, which is supported by the evidence, is binding on our review.

Defendant contends that he offered at least some evidence of the falsity of the prior accusation and that he is entitled to pursue the matter under the third *LeClair* category. We agree with the state that the record reflects no abuse of discretion. The evidence was in conflict; the trial court itself found it confusing. The offer of proof already had caused a half-day delay in proceedings and promised to delay proceedings longer than that had the court allowed further testimony on the collateral issue. We conclude that the trial court did not err in excluding evidence of the victim's prior accusation.

■ We turn to defendant's claim of sentencing error. Defendant argues that the trial court erred in imposing sentences on the rape and sodomy convictions under Category 10 on the Crime Seriousness Scale. OAR 213, App 3. He contends that the sentences for those offenses could not be enhanced from Category 9 to Category 10 because the state failed to allege the offense subcategory factors in the indictment. *See State v. Ferrell,* 315 Or 213, 221 n 8, 843 P2d 939

(1992) ("In the absence of an allegation of an offense-subcategory fact[or], the offense is ranked as the lowest-category version of that offense for purposes of sentencing."). The state responds that defendant did not object to the sentence at trial and that we should not exercise our discretion to review the unpreserved claim of error. The state does not argue that the subcategory factors were properly pled but, rather, that "the court had numerous ways of achieving the same result, had defendant properly objected in a timely fashion." Thus, the state contends, the error, if any, is not one of law apparent on the record, that we may review under ORAP 5.45.

We decline to exercise our discretion to reach the claim of error, because the trial courts now have statutory authority to correct such sentencing errors. As part of the original sentencing guidelines, the legislature enacted ORS 138.083, which gave the sentencing court the authority to correct clerical and arithmetic errors in sentencing for 60 days after an appeal was filed.[1] Under that statute, we declined to address clerical or arithmetic errors in sentences when a defendant failed to avail himself or herself of the statutory remedy. *State v. Slawson*, 123 Or App 573, 860 P2d 876 (1993). In 1995, the legislature amended ORS 138.083. The amendment removed the 60-day limitation. It also expanded the sentencing court's authority to modify an erroneous judgment. ORS 138.083 now provides:

> "The sentencing court shall retain authority irrespective of any notice of appeal after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors *or to delete or modify any erroneous term in the judgment*. The court may correct the judgment either on the motion of one of the parties or on the court's own motion after written notice to all the parties. If a sentencing court enters an amended judgment under this section, the court shall immediately forward a copy of the amended judgment to the appellate court. Any modification

---

[1] The statute provided, in part:

"The sentencing court shall retain authority irrespective of any notice of appeal for 60 days after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors."

of the appeal necessitated by the amended judgment shall be pursuant to an appropriate order by the appellate court."

(Emphasis supplied.)

In *State v. Graham*, 143 Or App 85, 923 P2d 664 (1996), the defendant argued that the sentencing court erred in imposing a post-prison supervision term of 18 months instead of 12 months. The claim of error was not preserved, but the state agreed with the defendant that we should reach the error. We noted that ORS 138.083 had been amended and provided a statutory remedy to the defendant to correct the error. However, we exercised our discretion to review the assignment of error because the judgment was entered two days after the amendment became effective and because we announced for the first time the change in our policy for review of such errors. *Graham*, 143 Or App at 88.

In this case, the claim of error is not one related to post-prison supervision but to imprisonment. Under ORS 138.083, however, the sentencing court retains authority to correct "any erroneous term in the judgment." That includes an error in a term of imprisonment. *See, e.g.*, OAR 213-05-001(1) ("the presumptive sentence shall be a term of imprisonment"); OAR 213-08-003(2) (durational departures may not exceed "more than double the maximum duration of the presumptive prison term"); OAR 213-12-020(1) ("consecutive sentences shall consist of an incarceration term and a supervision term").

Defendant's remaining assignments of error do not require discussion.

Affirmed.