Argued and submitted April 29, 2010, vacated and remanded with instructions to clarify the ruling on whether the court performed the balancing test on the evidence of victim's false accusations of her abuse by her stepbrothers, and to balance probative value of evidence of victim's false accusation of abuse by her stepfather against the risk of prejudice, confusion, embarrassment, or delay; if the trial court determines that evidence should have been admitted, it shall order a new trial; otherwise, it shall reinstate the judgment October 19, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MONTY LEE NELSON,
*Defendant-Appellant.*

Marion County Circuit Court
05C48415; A133642

265 P3d 8

Joseph C. Guimond, Judge.

Jesse Wm. Barton argued the cause for appellant. On the briefs were Charles M. Simmons.

Linda Wicks, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Senior Judge.

WOLLHEIM, J.

Rosenblum, S. J., dissenting.

## WOLLHEIM, J.

Defendant appeals from a conviction of six counts of using a child in a display of sexually explicit conduct, ORS 163.670, and one count of sexual abuse in the third degree, ORS 163.415. Defendant raises eight assignments of error. We write at length only to address defendant's first and fifth assignments of error. In those assignments, defendant contends that the trial court erred in excluding evidence that the victim had previously falsely accused her stepbrothers of rape and her stepfather of sexual abuse. Under *State v. LeClair*, 83 Or App 121, 130-31, 730 P2d 609 (1986), *rev den*, 303 Or 74 (1987), if there is some evidence from which the court could find that the victim had made a false accusation of past sexual abuse, the court must balance whether the probative value of that evidence is "substantially outweighed by the risk of prejudice, confusion, embarrassment or delay." Because it is not clear that the court performed that balancing test in deciding to exclude evidence about the victim's prior false accusations, we vacate and remand.[1]

Because the trial resulted in convictions on all counts, we state the background facts in the light most favorable to the state. *State v. Haugen*, 349 Or 174, 176, 243 P3d 31 (2010). In 2000, when the victim was 13 years old, she went to live with her grandparents. Defendant is the victim's grandfather. In late July 2002, when the victim was a sophomore in high school, the victim's grandmother, defendant's wife, left defendant and moved out of the house. Beginning in

---

[1] In five other assignments, defendant challenges the exclusion of evidence that the victim made false claims or engaged in other conduct that bore on her credibility as a witness. Defendant contends that he was entitled to cross-examine the victim on those matters under the same reasoning that led us to conclude in *LeClair*, 83 Or App at 126-27, that a defendant is entitled to cross-examine a victim about prior false accusations of sex offenses. We conclude that *LeClair* does not extend beyond false accusations of sex offenses, and we reject those five assignments of error without further discussion.

In his final assignment of error, defendant argues that the trial court committed plain error in failing to give a jury concurrence instruction. We reject that assignment as well. *See State v. Rodriguez-Castillo*, 210 Or App 479, 500, 151 P3d 931 (2007), *rev'd on other grounds*, 345 Or 39, 188 P3d 268 (2008) ("[I]f there is evidence of more than one incidence of a particular crime, as long as the same perpetrator and victim are involved in each incident, failing to instruct the jury that it must agree on the same set of underlying facts does not constitute plain error.").

March or May 2004, when the victim was 17 years old, defendant told the victim to model naked for him and instructed her on how to pose. Defendant also bought lingerie for the victim to wear while she posed for him. Defendant showed the victim a book of pin-up paintings and a pornographic magazine. The victim told defendant that she was uncomfortable posing for him, and, instead, he had her dance to music for him. Defendant told the victim that, if she continued to dance for him, he would let her be in marching band her senior year, which the victim wanted to do. The victim usually wore only lingerie or underwear when dancing for defendant.

Sometimes after the victim had danced for him, defendant would rub her shoulders, back, and legs, explaining that he did not want her muscles to get sore. Defendant told the victim to take off her bra so that the bra straps would not get in the way. Defendant used a vibrating hand massager to rub the victim's back and legs. Defendant also touched the victim's vagina with the hand massager and with his bare hand. All of the dancing, posing, and modeling occurred between March or May and October 2004.

The victim told her boyfriend and two other friends about the dancing while it was happening, but told them not to tell because she did not want to create legal problems or "a big scene." The victim planned to wait until she turned 18 and then move out of defendant's house. She moved out of the house three days after her eighteenth birthday.

The victim testified that she decided to tell her school principal what had happened because she was afraid that the same thing would happen to her nine-year-old female cousin. A detective investigating the allegations had the victim make a pretext phone call to defendant to try to get him to confess. During the phone call, the victim said she wanted to visit defendant, but she was worried about coming by herself. She also said that she did not want the modeling, touching, and nudity to start again. Defendant said, "You don't have to worry about that. That's not something you have to concern yourself about or think about."

The grand jury indictment charged defendant with six counts of using a child in a display of sexually explicit conduct, ORS 163.670, and one count of sexual abuse in the third degree, ORS 163.415.

After defendant was indicted, he filed a motion entitled "MOTION TO OFFER OEC 412 EVIDENCE" (uppercase in original), in which he sought a ruling allowing certain evidence concerning the victim.[2] He made 14 offers of proof in a memorandum in support of the motion. In the first proffer, he sought to introduce evidence that the victim had previously accused her stepbrothers of raping her, that her accusation was investigated but did not result in prosecution, and that her stepbrothers denied the accusation. In the ninth proffer, defendant also sought to introduce evidence that the victim had told her mother that her stepfather had sexually abused her, and that she had since recanted. Defendant stated that he anticipated that the state would object to admission of those proffers under OEC 412,[3] which generally bars evidence of a victim's past sexual behavior in certain sex offense cases.

With respect to the first proffer, defendant asserted in his memorandum that the evidence was not barred by OEC 412 for three reasons. First, he argued that OEC 412 applies only to prosecutions under ORS 163.355 to 163.427; in other words, it applied only to the misdemeanor count of third-degree sexual abuse (ORS 163.415) and not to the six

---

[2] Although the title of defendant's motion referred only to OEC 412, in a memorandum in support of the motion, defendant explained that he was seeking a ruling on 14 evidentiary proffers and that the proffers were subject to "many diverse rules." He elaborated that, in addition to OEC 412, he anticipated that the state would raise objections based on OEC 504, OEC 609, and OEC 609-1, and his memorandum explained his position on the application of those rules.

[3] OEC 412 provides, in part:

"(2) Notwithstanding any other provision of law, * * * evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless the evidence other than reputation or opinion evidence:

"* * * * *

"(b) Is evidence that:

"(A) Relates to the motive or bias of the alleged victim;

"* * * * *

"(4)(c) If the court determines * * * that the evidence the accused seeks to offer is relevant and that the probative value of the evidence outweighs the danger of unfair prejudice, the evidence shall be admissible in the trial to the extent an order made by the court specifies evidence that may be offered and areas with respect to which a witness may be examined or cross-examined. An order admitting evidence under this subsection may be appealed by the government before trial."

felony counts of using a child in a display of sexually explicit conduct (ORS 163.670). Second, he contended that OEC 412 bars only evidence of an alleged victim's prior sexual behavior and the evidence that the victim had falsely accused her stepbrothers of rape did not constitute sexual behavior. Third, he asserted that, even if OEC 412 were to apply, the rule permits the use of evidence of an alleged victim's past sexual behavior that relates to the motive or bias of the alleged victim.

Defendant made a combined argument in support of the eighth and ninth proffers in the memorandum. The eighth proffer is not at issue on appeal; it concerned evidence that the victim was aware that her father and stepfather had accused each other of abusing the victim. As part of his argument in support of the ninth proffer, which concerned sexual abuse by the victim's stepfather, defendant asserted, "The evidence is relevant to show the general environment of false abuse accusation, the fact that the victim was exposed to it, and that she has in the past presented conflicting reports of the truth or falsity of such allegations." Defendant further argued that the evidence "is relevant to demonstrate a pattern of false accusation and the victim's knowledge of how to report abuse as a tool of vengeance."

The state filed a memorandum in response to defendant's motion. With respect to the first proffer, the state acknowledged that evidence of prior false accusations is not excluded by OEC 412, but it contended that there was no evidence that the victim's accusation against her stepbrothers was false. The state also relied on *LeClair* to argue that the court should exclude the evidence on the grounds of delay and likely jury confusion. The state responded to defendant's combined argument on the eighth and ninth proffers in part by saying that "the wrongs of other parties are not properly used against the victim in a case." The state also asserted that it could not "adequately be prepared to argue the validity or admissibility of a so-called 'false accusation' without information regarding such an accusation or alleged recantations."

At the hearing on defendant's motion, the court stated, "I have read the Defendant's Motion over carefully,

received the State's Response last night, and have had a chance to review that, very closely." The trial court ruled on defendant's proffers in sequence, starting with the first proffer, regarding evidence that the victim had falsely accused her stepbrothers of rape:

> "And in charges—not the first six counts against [defendant], but on count 7, the Sex Abuse, I believe it's in the third degree, *the Rape Shield Law would apply. Because of that, the fact that the victim previously accused her stepbrothers of rape would seem to me could not come in under 412 in this case*, because we can't separate count 7 from the first 6.

> "Otherwise, the fact of that accusation I think would be relevant for the jury to consider, and the fact that there was no prosecution.

> "I would not want, even if I'd allowed it in, anybody to get into whether we think she was telling the truth or not, but just that there was no prosecution.

> "But unless counsel can point me to some exception, I see no way that that can come in, and therefore it is denied."

(Emphasis added.) Defense counsel did not respond orally and the court did not address defendant's argument that OEC 412 does not apply because false accusations do not constitute sexual behavior. Nor did the prosecutor respond orally to inform the court that the prosecutor disagreed with the court's interpretation of OEC 412. The court moved on to the subsequent proffers.

When the court reached the eighth and ninth proffers, it addressed them together, as the parties had: "I have trouble with 8 and 9 in that they are allegations about bad acts of other people. And I tend to agree with the State on both of those and that that evidence will not be allowed to be—be introduced."

After the hearing, the case went to trial. At trial, the victim testified consistently with the facts as set forth above. The state admitted evidence of the pin-up book, the pornographic magazine, the vibrating hand massager, a handwritten list of types of lingerie in defendant's handwriting, and

the recording of the phone call that the victim made to defendant.

Defendant testified and denied that he had ever had the victim pose or dance for him. He also denied purchasing lingerie for her. Defendant said that the list of lingerie items was in his handwriting, but said he had written the list for his wife in 2001. Defendant said that he used the hand massager on the victim's neck because she had a knot in her muscle. Defendant testified that he had a hard time hearing the victim during the phone call and he did not hear her say the words "nude," "modeling," or "touching." The jury found defendant guilty as charged.

On appeal, defendant contends that the trial court erred in denying his motion to admit the evidence he offered before trial of the victim's false accusations against her stepbrothers (proffer 1) and stepfather (proffer 9). Defendant renews his argument that OEC 412 does not apply to evidence of false accusations and relies on *LeClair* to argue that the court erred in excluding that evidence. Whether evidence qualifies for admission under the rules of evidence is a question of law that we review for errors of law. *State v. Arellano,* 149 Or App 86, 90, 941 P2d 1089 (1997), *rev dismissed,* 327 Or 555 (1998).

Initially, the state contends that defendant's arguments are not preserved because he failed to make an adequate offer of proof of the evidence he sought to offer. However, an offer of proof is not a "mini-trial"; it is sufficient for the defense counsel to tell the judge what evidence is expected to be presented. *State v. McClure,* 298 Or 336, 341, 692 P2d 579 (1984). In other words, it is an acceptable offer of proof "for a party's counsel to state what the proposed evidence is expected to be," as defendant's counsel did here. *State v. Philips,* 314 Or 460, 466, 840 P2d 666 (1992). Accordingly, we reject the state's argument that defendant's offer of proof was inadequate.

The state next asserts that defendant failed to sufficiently preserve his argument that the trial court erred in denying his pretrial motion to admit the proffered evidence of the victim's false accusations against her stepbrothers and stepfather. To preserve an issue for appeal, "a party must

provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). An argument is adequately preserved if it is "clear from the record that the opposing party had had a meaningful opportunity to address the issue, and the trial court had had an opportunity to resolve it." *Hagler v. Coastal Farm Holdings, Inc.*, 244 Or App 675, 686, 260 P3d 764 (2011). Here, the record establishes that the state had a meaningful opportunity to address the issue. In its memorandum in response to defendant's motion, the state acknowledged that evidence of prior false accusations is not excluded by OEC 412 and cited *LeClair* to argue that the court should exclude the evidence on the grounds of delay and likely jury confusion. And although the court did not specifically rule on defendant's argument, the court had an opportunity to resolve it in the hearing on defendant's motion.

The fact that defendant made his OEC 412 argument in his memorandum but did not orally repeat that argument at the hearing does not demonstrate that the argument was either waived or not preserved. As the Supreme Court recently reiterated, "This court has never required that each and every argument that has been asserted in writing must be repeated orally in court in order for the argument to be preserved." *State v. Walker*, 350 Or 540, 550, 258 P3d 1228 (2011). Nor was defendant required to take issue with the trial court's failure to address his argument. "Once a court has ruled, a party is generally not obligated to renew his or her contentions in order to preserve them for the purposes of appeal." *Id.* Consequently, defendant's argument that OEC 412 does not bar evidence of false accusations, proffers 1 and 9, is preserved for appeal.

We therefore turn to the merits of defendant's argument that the trial court erred in failing to admit evidence that the victim had falsely accused her stepbrothers of rape and her stepfather of sexual abuse. As defendant argues, in *LeClair*, 83 Or App at 126-27, we stated that "[e]vidence of previous false accusations by an alleged victim is not evidence of past sexual behavior within the meaning of the Rape

Shield Law and, therefore, is not inadmissible under OEC 412." (Emphasis omitted.) But we noted that OEC 608(2)[4] "forbids any inquiry or cross-examination into specific incidents of conduct for impeachment purposes. Specific instances of conduct include false statements." *Id.* at 127 (footnote and citations omitted). The defendant in *LeClair* argued that the court's ruling excluding prior false accusations deprived him of his confrontation rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the federal constitution. *Id.* We observed that "[e]vidence of prior accusations by a complainant is certainly probative on the issue of credibility," and concluded that,

> "regardless of the prohibitions of OEC 608, the Confrontation Clause of Article I, section 11, requires that the court permit a defendant to cross-examine the complaining witness in front of the jury concerning other accusations she has made if 1) she has recanted them; 2) the defendant demonstrates to the court that those accusations were false; or 3) there is some evidence that the victim has made prior accusations that were false, unless the probative value of the evidence which the defendant seeks to elicit on the cross-examination (including the probability that false accusations were in fact made) is substantially outweighed by the risk of prejudice, confusion, embarrassment or delay."

*Id.* at 129-30. Thus, under the third category, if there is some evidence from which the court could find that the complaining witness had made a false accusation, the court must balance whether the probative value of the evidence which the defendant seeks to elicit on cross-examination is "substantially outweighed by the risk of prejudice, confusion, embarrassment or delay." *Id.* at 131. For evidence that falls within the third category of *LeClair*, we review the court's decision whether to admit the evidence for abuse of discretion. *Arellano*, 149 Or App at 90.

---

[4] OEC 608(2) provides, in part:

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting the credibility of the witness, * * * may not be proved by extrinsic evidence. Further, such specific instances of conduct may not, even if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness."

Here, there is some evidence that the victim had made prior false accusations of sex abuse against her stepbrothers and stepfather. Accordingly, we review the court's decision whether to admit the evidence for abuse of discretion. In the first proffer, defendant relied on interviews with the victim's stepbrothers saying that the accusations against them were false and defendant asserted that he "would like to introduce the pertinent incident reports" about those accusations. The state responded that there was no evidence that the victim's allegations against her stepbrothers were false. The state also relied on *LeClair* to argue that the court should exclude this evidence "on grounds of delay and likely jury confusion." In the hearing on defendant's motion, the court stated that it had read defendant's motion and the state's response very carefully, but it also stated that it was excluding the evidence under OEC 412, with no mention of balancing. Rather than guess as to whether the court conducted the requisite balancing test, we remand for the court to clarify its ruling; we consider that the most prudent course, in part, because the case must be remanded with respect to the ninth proffer, as discussed below.

In the ninth proffer, defendant sought to offer evidence regarding the victim's inconsistent allegations of abuse by her stepfather. Defendant represented that the victim had told her mother and the police that she had been abused by her stepfather and later "alternately denied or affirmed" the allegations on various occasions. The state responded that defendant's proffer "references police reports, affidavits and interviews regarding this accusation that the state has not been provided," and without more information, the state was not adequately prepared to argue the validity or admissibility of the so-called false accusation. The record establishes that the court did not engage in balancing that evidence in determining that the evidence was admissible. Instead, the court combined the ruling excluding the eighth and ninth proffers and denied defendant's request to admit the evidence because it involved "allegations about bad acts of other people." It seems as though the trial court decided that the evidence of a false accusation against the victim's stepfather

was not relevant, *see* OEC 412(4)(c),[5] and did not balance the evidence as required by *LeClair*. We conclude that the trial court erred in failing to separate its rulings on proffers 8 and 9 and in failing to balance the evidence as required by *LeClair*. Accordingly, we must remand the case to the trial court for that purpose.

In doing so, however, we emphasize that, if, after conducting the balancing, the court determines that the evidence is admissible, the evidence would be admissible only to impeach the victim's credibility on cross-examination; defendant would not be allowed to introduce extrinsic evidence of the allegations. *See State v. Driver*, 192 Or App 395, 398-99, 86 P3d 53, *rev den*, 337 Or 248 (2004), *cert den*, 543 US 1126 (2005) ("[T]he constitutional exception announced in *LeClair* simply does not encompass extrinsic evidence, and the Confrontation Clause does not otherwise require admission of such evidence."); *State v. Gilliland*, 136 Or App 580, 586, 902 P2d 616 (1995) ("If the trial court intended to admit the evidence to impeach the complaining witness' credibility, the trial court was required to make the findings set out in our holding in *LeClair* and should have limited defendant's evidence to an inquiry addressed to the complaining witness on cross-examination.").

Finally, the state asserts that, even if it was error for the court to exclude this evidence, the error was harmless. In determining whether error was harmless, "the question is whether, after we review the record, we can say that there was little likelihood that the erroneous exclusion of the witness statements affected the jury's verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). Here, although there was some evidence to corroborate the victim's account of defendant's alleged conduct, whether the victim was credible was a central issue at trial. We cannot say with certainty that there was little likelihood that excluding the victim's statements on cross-examination affected the jury's verdict.

---

[5] OEC 412(4)(c) provides, in pertinent part:

"If the court determines * * * that the evidence the accused seeks to offer is relevant and that the probative value of the evidence outweighs the danger of unfair prejudice, the evidence shall be admissible in the trial to the extent an order made by the court specifies evidence that may be offered and areas with respect to which a witness may be examined or cross-examined."

Vacated and remanded with instructions to clarify the ruling on whether the court performed the balancing test on the evidence of victim's false accusations of her abuse by her stepbrothers, and to balance probative value of evidence of victim's false accusation of abuse by her stepfather against the risk of prejudice, confusion, embarrassment, or delay. If the trial court determines that evidence should have been admitted, it shall order a new trial; otherwise, it shall reinstate the judgment.

**ROSENBLUM, S. J.,** dissenting.

Defendant was presented with a perfect opportunity to alert the trial court to the error in its ruling as to the victim's accusation against her stepbrothers: In ruling that the proffered evidence was excluded under OEC 412, the court noted that the evidence was "relevant for the jury to consider" and said, "But unless counsel can point me to some exception, I see no way that that can come in, and therefore it is denied." Defendant stood silent and let the error remain uncorrected. Defendant made no objection whatsoever to the court's ruling on the victim's accusation against her stepfather. Thus, in my view, defendant failed to preserve either of the two assignments of error that the majority addresses at length. Because I would not address those assignments on their merits, I would not vacate defendant's convictions. Accordingly, I respectfully dissent.

In his first assignment of error, defendant contends that, because evidence that a complainant has previously made false accusations of sexual offenses is not evidence of the complainant's "past sexual behavior," the trial court erred in excluding the proffered evidence under OEC 412. Although he raised that point in his motion to allow the evidence, he did not reiterate it at the hearing. I agree with the majority that, as a general matter, a party is not required to repeat orally every argument that has been asserted in writing in order for those arguments to be preserved. Under some circumstances, however, asserting an argument in a written submission is not enough. Here, defendant submitted a written motion with multiple grounds in support of his position that evidence concerning the victim's accusation against her

stepbrother was admissible. The court ruled that the evidence was inadmissible on one of the grounds and invited defendant to point out exceptions that would allow the evidence to come in. Defendant remained silent.

Under the circumstances, as a matter of judicial economy—one of the primary policies underlying the preservation rule, *see State v. Parkins*, 346 Or 333, 340, 211 P3d 262 (2009)—I would require a party to point out to the court that it had raised other grounds in the written submission that would lead to a different result notwithstanding the court's ruling on the first ground and ask the court to address them. Because defendant did not respond to the court's invitation to point out exceptions that would allow the evidence to come in, I would not address the merits of the first assignment of error.

Defendant's failure to preserve the other issue that the majority addresses at length is even more obvious. The court ruled that evidence concerning the victim's accusation against her stepfather could not come in because it involved "allegations about bad acts of other people." Defendant made no objection whatsoever to that reasoning, either when the state advanced it in opposition to defendant's motion or when the court adopted the state's position. In spite of those opportunities to raise the issue, he argues for the first time on appeal that there is no rule prohibiting evidence of prior bad acts of other people. I would not review that assignment of error either.

I respectfully dissent.