Argued and submitted May 26, affirmed December 14, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TOBY ALLEN SCOTT,
*Defendant-Appellant.*

Washington County Circuit Court
C122722CR; A157608 (Control)

Susan E. SCOTT,
*Petitioner below,*

*v.*

Toby A. Scott,
*Respondent below.*

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TOBY ALLEN SCOTT,
aka Toby A. Scott,
*Defendant-Appellant.*

Washington County Circuit Court
C120828RO; A157609

388 P3d 413

Kenneth A. Kreuscher argued the cause and filed the brief for appellant.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Wilson, Senior Judge.

## WILSON, S. J.

In this consolidated criminal appeal, defendant challenges his 15 convictions for sex offenses committed against two victims, J and A.[1] He assigns error to the trial court's exclusion of his proffered evidence concerning an allegedly false allegation of sexual abuse made by A against defendant's wife, asserting that the exclusion violated his confrontation rights under both Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. That is, defendant contends that our decision in *State v. LeClair*, 83 Or App 121, 730 P2d 609 (1986), provides him the right, under the state and federal confrontation clauses, to cross-examine A because there was evidence that A had made prior false accusations. The state asserts that defendant's motions and arguments in the trial court were entirely different from the argument based on *LeClair* that he now makes on appeal. We agree with the state and, accordingly, we affirm.

The relevant facts are mostly procedural in nature and are not disputed. Defendant and his wife lived in a crowded household with extended family members, including his step-granddaughters, J and A. Based on allegations made against defendant by J and A, the state charged defendant with four counts of first-degree rape, ORS 163.375, three counts of first-degree unlawful sexual penetration, ORS 163.411, and eight counts of first-degree sexual abuse, ORS 163.427. J was the victim of 13 of the 15 crimes alleged in the indictment; A was the victim of the remaining two alleged crimes.

Before trial, defendant filed a motion under OEC 412 (the "rape-shield rule"), asking the trial court to allow him to present to the jury evidence that, approximately three months after defendant was arrested, A had also accused her grandmother—defendant's wife—of sexually

---

[1] Based, in part, on defendant's conviction in the criminal case, the trial court also found defendant in contempt of court for violating his probation in a restraining order case. Defendant appealed from both the judgment of conviction and the contempt judgment. However, defendant addressed only the criminal proceeding in his brief and at oral argument and, therefore, failed to develop an argument challenging the contempt judgment on appeal. Accordingly, our opinion focuses solely on his criminal convictions.

abusing A when she was younger.[2] The motion included an offer of proof, listing several witnesses and a summary of their proposed testimony. *See* OEC 412(4)(b) (so requiring). Defendant argued that A's allegation against defendant's wife was admissible under OEC 412(2) to prove that A had a motive to falsely report abuse against defendant so that she could move in with her father.

The state opposed the motion, arguing during a pretrial hearing that the evidence defendant sought to offer was not evidence of the victim's "past sexual behavior" governed by OEC 412, but, instead, was evidence of an alleged prior false accusation. The state explained that *LeClair* governs the analysis of the admissibility of alleged prior false accusations and further argued that, in its view, *LeClair* would allow defendant only to *cross-examine* A about those false accusations.

Defendant acknowledged that his OEC 412 motion was filed "out of an abundance of caution" and that OEC 412 was not the applicable evidentiary rule for the evidence he sought to admit. Defendant, however, argued that he was not limited to cross-examination of A on the subject of her allegations against defendant's wife. Defendant stated, "if [A] is permitted to testify to this false allegation * * * I'm not left with her response, I have freedom to introduce more specific acts for the purposes of establishing motive."

Defendant explained that he thought the false-accusation evidence against defendant's wife bore "a striking resemblance to the disclosures of sex abuse leveled against defendant" and, therefore, was a prior act that could be admitted to show motive under OEC 404(3), subject to *State*

---

[2] In general, OEC 412 concerns the admissibility of evidence pertaining to a victim's "past sexual behavior." More specifically, OEC 412 provides, in part:

"(2) Notwithstanding any other provision of law, * * * evidence of an alleged victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless the evidence other than reputation or opinion evidence:

"* * * * *

"(b) Is evidence that:

"(A) Relates to the motive or bias of the alleged victim[.]"

*v. Johns*, 301 Or 535, 725 P2d 312 (1986). Defendant reiterated, "While the State says that I'm limited to what the victim says, I disagree." After the state reasserted its position that *LeClair* limited defendant to cross-examination of A if A admitted during an OEC 104 hearing that her accusations against defendant's wife were false, the trial court announced that it would wait until it heard A's testimony outside the presence of the jury before ruling on what evidence would be allowed.

The following day, defendant made an offer of proof of the testimony of Detective Shipley, one of the witnesses listed in his OEC 412 motion. Shipley, a police officer involved in the investigation of the case, testified that, for a number of reasons, he had concerns about the truthfulness of A's accusations against defendant's wife. After Shipley testified, defendant reiterated that he was not relying on OEC 412 as a means to admit evidence of A's false accusations against defendant's wife and asserted that they were admissible under OEC 404(3) and OEC 404(2). Defendant then submitted a new written motion to the court, captioned "Motion to Allow Evidence Under OEC 404(2)(3)," which listed nine witnesses, including A, and described testimony from them about (among other things) A's allegations of sexual touching by defendant's wife (including inconsistencies in those allegations), and the custody battle over A between her parents. Again, defendant stated that he was offering the evidence under OEC 404(3) for the noncharacter purpose of proving motive under a "doctrine of chances" theory under *Johns*.

The next day, the court allowed defendant to examine A in an offer of proof outside the presence of the jury after defendant again explained that his purpose was to "show[] motive" because of the "striking similarity" between A's accusations against defendant and defendant's wife and that, under *Johns* balancing, it was admissible. In the offer of proof, A testified that, among other things, (1) she had reported to her aunt that defendant's wife had sexually abused her when she was younger, (2) she had wanted to live with her father before making the sex-abuse allegations, and (3) her allegations were truthful.

After the offer of proof, defendant argued that, because law enforcement had never charged defendant's wife with a crime, A had accomplished her goal of living with her father, and the description of the abuse was similar to the alleged abuse by defendant, A's testimony was "being offered as character evidence as a specific example based on the nature of the similarities for the purposes of advancing the Defense's case." The state argued that defendant's evidence was insufficient to satisfy "the threshold issue of a prior false allegation." The trial court agreed with the state's contention and ruled that the evidence would be excluded. Ultimately, the jury found defendant guilty of all the charges against him.

As noted, defendant asserts on appeal that the trial court violated his confrontation rights under both Article I, section 11, and the Sixth Amendment "by excluding evidence of a victim's false allegation of sexual assault"; specifically, defendant bases his argument on the court's failure to conduct a *LeClair* analysis. In response, the state argues, in part, that defendant did not preserve the *LeClair* argument that he now asserts on appeal. We begin and end with the state's preservation argument, which is dispositive. *See State v. Wyatt*, 331 Or 335, 340, 15 P3d 22 (2000) (considering preservation first).

Initially, a brief review of the law surrounding OEC 608 and *LeClair*—the law on which defendant bases his appeal—is helpful to understanding the parties' arguments on preservation. In general, use of "[s]pecific instances of the conduct of a witness, for the purpose of attacking *** the credibility of the witness" is forbidden. OEC 608(2). However, in *LeClair*, we observed that "[e]vidence of prior false accusations by a complainant is certainly probative on the issue of *credibility*," and concluded that,

"regardless of the prohibitions of OEC 608, the Confrontation Clause of Article I, section 11, requires that the court permit a defendant to cross-examine the complaining witness in front of the jury concerning other accusations she has made if 1) she has recanted them; 2) the defendant demonstrates to the court that those accusations were false; or 3) there is some evidence that the victim has

made prior accusations that were false, unless the probative value of the evidence which the defendant seeks to elicit on the cross-examination (including the probability that false accusations were in fact made) is substantially outweighed by the risk of prejudice, confusion, embarrassment or delay."

83 Or App at 129-30 (emphasis added). Therefore, under the third category of *LeClair*, when there is some evidence that the victim has made a prior false sexual-abuse allegation, the trial court has discretion either to permit or prohibit cross-examination of the victim about the matter after conducting appropriate balancing.[3] *LeClair* evidence is strictly limited to impeachment of the victim on cross-examination. *State v. Nelson*, 246 Or App 91, 102, 265 P3d 8 (2011).

Generally, an issue not preserved in the trial court will not be considered on appeal. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991). "[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Wyatt*, 331 Or at 343; *see also State v. Wideman*, 203 Or App 359, 364, 124 P3d 1271 (2005) (preservation rules are meant to ensure "that the position of a party is presented clearly to the trial court and that parties are not taken by surprise, misled, or denied opportunities to meet an argument").

Again, on appeal, defendant asserts that the trial court "violated his confrontation rights by precluding him from cross-examining [A] about a purportedly false sexual-abuse allegation that she made" against defendant's wife. Defendant relies solely on the analytical framework laid out in *LeClair* category three to demonstrate that he "presented at least some evidence that the allegation was false, and that the trial court erred by excluding the evidence without balancing the probative value against the danger of unfair prejudice."

---

[3] *See State v. Arellano*, 149 Or App 86, 90, 941 P2d 1089 (1997), *rev dismissed*, 327 Or 55 (1998) ("[I]f the evidence of a prior false accusation is within the third category, we review the court's decision for abuse of discretion.").

However, as the state correctly points out, during trial, defendant persistently argued to the trial court that the evidence of A's allegations against defendant's wife, including evidence that those allegations were false, was admissible first under OEC 412, and later under OEC 404(2) and (3), to show A's *motive* in making false allegations against defendant—*i.e.*, to be allowed to live with her father. In doing so, he repeatedly emphasized the similarity between A's accusations against defendant and his wife, arguing that that similarity supported admission of the evidence to show OEC 404 *motive* under "sort of a *Johns* test balancing." Defense made no mention of the evidence being used to show A's lack of *credibility*.

Moreover, defendant expressly rejected the state's argument that *LeClair* provided the appropriate analytic framework for the admission of evidence of A's allegations against defendant's wife and rejected the idea that he was limited by *LeClair* to cross-examination of A about the prior allegations. Instead, defendant argued that he was *not* limited to cross-examining A about her allegations against defendant's wife. Indeed, he stated that, "if [A] is permitted to testify to this false allegation[,] *** I'm not left with her response, I have freedom to introduce more specific acts for the purposes of establishing motive." That argument not only undercuts defendant's preservation contention—that the parties agreed that the offer of proof fell under the rubric of OEC 608 and *LeClair*—but also indicates that defendant invited the alleged error of which he now complains on appeal.[4] *See State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) ("Under the invited error doctrine, a party who 'was actively

---

[4] Defendant's misplaced references to *Johns*, similarity, and motive made it even more difficult for the trial court to understand defendant's contention. As we have previously explained, the specific test enunciated in *Johns*—including the issue of similarity and the doctrine of chances—is applicable only when other bad acts evidence is offered to prove intent or absence of mistake. It is not applicable when the evidence is offered for the noncharacter purpose of proving motive. *State v. Bracken*, 174 Or App 294, 300, 23 P3d 417 (2001); *see also State v. Tena*, 281 Or App 57, 70, 384 P3d 521 (2016) ("[A]s explained in [*State v. Turnidge (S059155)*, 359 Or 364, 374 P3d 853 (2016)], the *Johns* analysis applies whenever the evidence is offered to prove 'intent,' specifically in the sense of 'absence of mistake or accident,' under the doctrine of chances. Evidence offered to prove intent by showing the defendant's motive is not subject to the *Johns* analysis.").

instrumental in bringing about' an alleged error 'cannot be heard to complain, and the case ought not to be reversed because of it.'" (Quoting *Anderson v. Oregon Railroad Co.*, 45 Or 211, 216-17, 77 P 119 (1904).)).

In sum, defendant's arguments below provided the trial court with no reason to believe that it was expected to conduct a *LeClair* category-three balancing test. In the same way, the court could not have been expected to understand that defendant was seeking only to cross-examine A about her allegations against defendant's wife, without extrinsic evidence of the falsity of those allegations. Further, the state did not have the opportunity to present its arguments about why the balancing test called for in *LeClair* would prohibit cross-examination of A about her allegations against defendant's wife. Consequently, defendant did not preserve in the trial court the error he now asserts on appeal, and we decline to review it.

Affirmed.